The action stood continued nisi, and at this term, no argument having been had, the opinion of the Court was delivered as follows by
Parsons, C. J.
From the facts in this case, as stated by the parties, it may be presumed that the plaintiffs consider * the defendants concluded from denying the allegation [ * 181 ] of the plaintiffs that the settlement of the pauper is in *164 Rehoboth; because, on the 11th of October, 1809, the pauper then residing in Leicester, and having been chargeable to that town for his maintenance, the overseers of the poor gave notice thereof to the overseers of Rehoboth, requesting payment and a removal of the pauper; which notice was not answered to, nor objected against, in two months, but the expenses of supporting the pauper were voluntarily paid by the defendants.
Whether these facts amount to an estoppel, is the question to be decided according to the true construction of the statute of 1793, c. 59.
By this act there are three methods, in which the place of a pauper’s settlement may be determined; and a determination in either way will conclude the towns who are parties to it.
One method is, by judgment upon a complaint filed before a jus tice of the peace, or a Court of Common Pleas. Section 10, 11.
Another method is, by judgment in an action, for the maintenance of a pauper, against the town, in which his settlement is alleged in the writ. Sect. 9.
The third method, which is applicable to the present question, is provided in Sect. 19. When the overseers of any town, having been at expense in supporting a pauper, shall send a written notification to the overseers of the town, where his settlement is supposed to be, stating the facts relating to such pauper, and requesting his removal; if such removal be not effected nor objected to within two months after such notice given, then the overseers giving notice may remove the pauper to the town where his settlement is supposed, the overseers whereof shall be obliged to receive and provide for him; and their town shall be liable for the expenses of his support and removal, to be recovered by action, in which the settlement of the pauper shall not be contested. And the plaintiffs are supposed to insist that, by virtue of this method, the defendants cannot contest the settlement alleged in their writ.
After mature deliberation, we are of a different opinion. Estop- • pels are not to be favored, because the truth may be [ * 18£ ] * excluded. And no party ought to be precluded from making a defence according to the truth of his own case, unless in consequence of some positive and unequivocal principle of law.
If, when the removal was not objected to in two months, the plaintiffs had in fact removed the pauper to Rehoboth, the defendants could not then have denied the settlement of the pauper to be in their town; for the act provides that, when a removal is thus effected to the town not objecting, it shall be the duty of the overseers of that town to receive and support the pauper. Or if Leices *165 ter Had not removed the pauper, but had without, or after the removal, commenced an action against Rehoboth, to recover the expenses of supporting the pauper, and had recovered judgment, this judgment would have concluded Rehoboth. But in the present case, Leicester did not remove the pauper to Rehoboth, and Rehoboth paid the demands of Leicester voluntarily, and without an action. We do not, therefore, consider the defendants as concluded, in this action, from denying that the pauper’s settlement is in Rehoboth; and we are satisfied that the verdict is right, and that judgment must be entered accordingly.
Bigelow for the plaintiffs.
Bangs for the defendants