Sewall, J.
The paupers, for whose support by the plaintiffs a demand is made in this action upon the town of Billerica, derive their settlement, if they have any in this commonwealth, from their father, Isaac Lewis. He was born at Washington, in the state of New Hampshire. His parents had removed to that place about a year before, from Billerica, where the father of Isaac Lewis was born in 1746, and where he lived until his coming of age. Upon these facts, without going farther back, we must consider as proved, that Samuel Lewis, the father of Isaac Lewis, had a lawful settlement in Billerica when he removed from thence into New Hampshire in the year 1780. But he did not lose his settlement by that removal.
The general principle, that a settlement in a town in this com monwealth is not lost until another settlement in some other town within the commonwealth is gained, applies in this case. Even if it had appeared that Samuel Lewis had gained a settle-[*414] ment in New Hampshire, by any provision of * the laws of that state upon this subject, it would not have operated to deprive him of his settlement within this state; which is not lost, but by another settlement gained within this jurisdiction, where all the consequences, as they respect the provision made by law for the support of paupers, may be enforced. So, too, if Isaac, the son, gained a settlement in New Hampshire by his birth there, this had no effect upon his settlement derived from his father’s legal settlement in Billerica, which continued to him, notwithstanding his removal.
The consequence is, that Isaac, the father of the paupers who are the subjects of this inquiry, having his settlement in Billerica, his children have also their settlement in that town; it being stated that they have gained no settlement for themselves; and Billerica is liable in this action.
Settlements of paupers are not to be regarded as privileges to *411 individuals, to be gained or lost by their agency or consent; but as arrangements in the community directed to the purpose of relieving, supporting, and employing, poor persons, who may be found within the commonwealth, in need of aid and charity. This office is performed, with the best economy and the most suitable care, by towns rather than by the commonwealth. For experience shows that towns support paupers, which are their immediate charge, witli much less expense than is incurred for the support and relief of such persons as, having no legal settlement within the state, are the charge of the public, under the denomination of state’s poor. The burden is less, upon the whole, and is about as equally distributed
But as this action was not commenced until May, 1813, more than two years after the notice given in March, 1811, the plain tiffs liad lost their remedy upon that notice, by the limitation pro vided in the statute. The expenses, within three months before notice, may be sued for and recovered, provided the action be commenced within two years after the cause of action arose ; but not otherwise. Billerica *is not, therefore, [ *415 ] liable for any expense incurred for the support of these paupers at Townsend, until three months before the 28th of October, 1812, when the second notice was given.
According to the agreement, upon which this case was reserved, the plaintiffs are entitled upon their second count only ; and judgment is to be entered for them accordingly.