Per Curiam.

The first objection cannot prevail. There is no statute directing the judge of probate to appoint commissioners who reside only in the county to which the deceased belonged. Indeed, *398 his power to order the assignment of dower is merely by implication, being inferred from the provisions of certain provincial acts. By the statute of 1783, c. 40, which has been cited, where the widow obtains her writ of seizin, the sheriff is directed to cause her dower to be set forth by freeholders of the same county ; but this "refers to the county wherein the lands lie, and not where the husband dwelt at the time of his death. Had there been in this case no real estate but at Machias, it could not be supposed that commissioners must be sent from this county to assign the dower. As the greater part of the estate lay in this copnty, and in Suffolk, it was correct in the judge to appoint commissioners resident in each of those counties.
Richardson, for the appellants.
Metcalf, for the respondent.
The case of Leonard vs. Leonard & al. (1) was considered by the Court as decisive of the second point made in this ; and the decree was, thereupon, reversed, and the cause remitted for further proceedings in the Court below.

 4 Mass. Rep. 533.