Jackson, J.
The only question presented in this statement of facts is, whether the defendants are estopped to deny the settlement of the pauper in their town, by the notice given to them in February, 1818.
The defendants never replied to that notice; and therefore, according to the provisions of the statute of 1793, c. 59, they would seem to be concluded by it. But we are satisfied that, under the circumstances of this case, they are not concluded ; and the construction, which we give to the twelfth section, is supported by other parts of the statute, as well as by the principles of the common law.
The statute provides two modes, by which the town to be charged may be estopped to deny or contest the settlement of the paupei *354 One is a former recovery by the plaintiffs against the defendants, in a suit relating to the same pauper; and the other is a notice to be given before the commencement of a suit, in the manner prescribed by the statute, by the town where the pauper is found, to the town to be charged ; and such notice, if not replied to within two months, concludes the party receiving it. These provisions are found, the one in the ninth, and the other in the twelfth section ; and they evidently .contemplate two different stages of the proceeding. When notice has been given, and an answer returned, denying the liability of the town receiving the notice, and an action is consequently brought against them, this part of the statute is satisfied. ' The defendants have done all that is required, to prevent this estopel; the proceedings in pais are at an end ; and the question of the settlement of the pauper is to be determined judicially in the action between the parties. If the action should be discontinued, l * 428 ] it might * leave the parties as they stood originally ; but whilst it is pending, and the question is in a course of legal adjudication, the plaintiffs could not take the case out of the jurisdiction of the Court, and, by an act of their own, determine the very question, which was on trial between the parties. It is equally clear, that, after final judgment in such an action, a new notice for this purpose would be unnecessary and improper. The judgment would be an estopel of a higher nature than the other; and by the terms of the statute at least equally binding on the parties.
It is therefore not important to inquire whether the former action between these parties is to be considered as pending at the time the new notice was given, or as then determined; as in either case the notice would be inoperative as an estopel.
When a controversy between two parties has proceeded to a suit at law, there is generally an end to all other proceedings between them, in relation to that subject. They are to meet each other only 'n the Court where the cause is pending; and no tender, no new demand, or other like act of either párly, will usually have any effect to the prejudice of the other. A departure from this course, in a case like the present, would be peculiarly inconvenient and lin proper. If such a notice, by the town that is plaintiff in the suit, may be repeated once, with the effect given to such notice by the statute, there is nothing to prevent a more frequent repetition of it; and thus, after the first notice had been answered, in such a manner as to exclude and prevent the estopel, new notices might be given from month to month, or from week to week ; and if the defendants could not prove that every one of them had been seasonably answered, they would be estopped, and prevented from trying the *355 merits of the action. Such a result would be inconsistent with the course of proceeding in other like cases, and contrary to the manifest intent of the legislature in the statute before referred to.
* According to the agreement of the parties, the plain- [ * 429 ] tiffs must be nonsuit, and judgment be entered for the defendants, for costs.

Plaintiffs nonsuit.