## The Inhabitants of MARSHPEE *versus* The Inhabitants of EDGARTOWN.

Where the town of E., upon receiving a notice that a person had become chargeable in another town as a pauper, replied thereto denying its liability for his support, but no action was commenced thereon, and before the expiration of two years a second notice was received in relation to the same pauper, to which no reply was made within two months, it was *held* that the town of E. was not estopped, by its neglect to make an earlier reply, from contesting the settlement of the pauper, in an action against it founded upon the second notice.

ASSUMPSIT for supplies furnished to five persons, whose settlement was alleged to be in Edgartown.

At the trial, the plaintiffs offered no evidence to show that the paupers had their settlement in Edgartown ; but they proved, that on the 20th of June, 1836, they duly notified to the defendants, that the paupers in question were in distress and requested their removal ; and they claimed to recover in this action, on the ground that the defendants did not reply to such notice within two months from the time when it was received by them.

The defendants attempted to show that they did reply to such notice within two months ; and this question was submitted to the jury.

The defendants proved, that a similar notice in reference to the same paupers, had been sent to them by the overseers of the plantation of Marshpee previously to its incorporation as a district, on the 22d of September, 1832, and another, in reference to three of such paupers, on the 24th of November, 1834 ; and that the defendants had replied to these notices within two months from their respective dates, denying that the settlement of the paupers was in Edgartown.

The defendants thereupon contended, that having thus replied to these notices, and no new facts in relation to the subject having been discovered or communicated before the notice upon which this action was founded, was given, they were not, by their omission to reply to such notice, estopped to contest the settlement of the paupers, in this action.

But the judge, for the purpose of procuring a verdict upon the question respecting the notice, and alleged reply in 1836, ruled otherwise.

The plaintiffs also proved, that some time after the notice of November 1834, was given, all the paupers ceased to be chargeable ; and that they became chargeable again in March 1836.

The jury returned a verdict for the plaintiffs.

If the Court should be of opinion, that the facts proved by the defendants, constituted a sufficient defence to this action, the verdict was to be set aside and a nonsuit entered ; otherwise, judgment was to be rendered on the verdict.

*Eddy* and *Eliot*, for the defendants, cited *Chelsea* v. *Malden*, 4 Mass. R. 134 ; *Shirley* v. *Watertown*, 3 Mass. R. 324 ; *Granby* v. *Amherst*, 7 Mass. R. 1 ; *Abingdon* v. *Boston*, 4 Mass. R. 314 ; *Billerica* v. *Chelmsford*, 10 Mass. R. 396 ; *Readfield* v. *Dresden*, 12 Mass. R. 317 ; *Hallowell* v. *Harwich*, 14 Mass. R. 186 ; *Needham* v. *Newton*, 12 Mass. R. 452 ; *Townsend* v. *Billerica*, 10 Mass. R. 414 ; *Newton* v. *Randolph*, 16 Mass. R. 428 ; *Leicester* v. *Rehoboth*, 4 Mass. R. 180 ; *Bridgewater* v. *Dartmouth*, 4 Mass. R. 275 ; *Attleborough* v. *Mansfield*, 15 Pick. 19 ; *Walpole* v. *Hopkinton*, 4 Pick. 358 ; *Sydney* v. *Augusta*, 12 Mass. R. 316 ; *Greene* v. *Monmouth*, 7 Mass. 467 ; *East Sudbury* v. *Waltham*, 13 Mass. R. 462.

*Marston*, for the plaintiffs, cited *Topsham* v. *Harpswell*, 1 Mass. R. 518 ; *Freeport* v. *Edgecumbe*, 1 Mass. R. 459 ; *Leicester* v. *Rehoboth*, 4 Mass. R. 180 ; *Bridgewater* v. *Dartmouth*, 4 Mass. R. 273 ; *Quincy* v. *Braintree*, 5 Mass. R. 86 ; *Westminster* v. *Bernardston*, 8 Mass. R. 104 : *Braintree* v. *Hingham*, 17 Mass. R. 432.

Morton J. afterward drew up the opinion of the Court. The facts having been found, that the plaintiffs duly notified the defendants, and that they did not return an answer within two months, the plaintiffs contend, that the defendants are estopped from disputing the settlement of the paupers. But, on the other hand, the defendants, admitting the general doctrine of estoppel in such cases, deny that under the circumstances of this case, they are concluded.

The law in relation to the effect of unanswered notices upon the settlement of paupers, was well settled under *St.* 1793, *c.* 59 ; and we have no disposition to revise it. Nor do we

14

think that the change of phraseology in the Revised Stat *c.* 46, § 13, 19, 20, is such as to change any of the principles of law.

There appear to be three cases in which the defendants are estopped from contesting the settlement ; 1. Where the pauper has been actually removed according to the provisions of the statute ; 2. Where judgment has been recovered against the defendants, for the prior support of the same pauper ; and 3. Where the plaintiffs have given notice, and no answer has been returned within two months. *Leicester* v. *Rehoboth*, 4 Mass. R. 180 ; *Bridgewater* v. *Dartmouth*, ibid. 273. But this last estoppel is confined to the notice upon which the action is founded. For if that action be compromised and another brought on a new notice, the omission to reply to the former will have no effect to preclude the defendants from trying the question of settlement. *Leicester* v. *Rehoboth*, 4 Mass. R. 180 ; *Needham* v. *Newton*, 12 Mass. R. 454.

The only objection to the notice in this case, is, that it was given within two years of a prior notice in relation to the same paupers. If such a notice be within the statute, then we know of no point of time within which it might not be given, and notices may be repeated every week or every day ; and if the town notified happens to omit to reply or to preserve the proof of the reply, it will be estopped from denying the settlement. The inconvenience of such an application of the law is apparent. And we ought not to sanction it, if the statute will admit of a more reasonable and convenient construction.

That estoppels are not favorite instruments of the law, and are to be confined within strict rules, is not only a familiar principle, but expressly recognized in the cases just cited. The law reluctantly denies to any one the right to show the truth in his own defence. And although it has been decided, that a second notice within two years of a former one, is sufficient to warrant a recovery of the expenses incurred within the prescribed period ; *Townsend* v. *Billerica*, 10 Mass. R. 411 ; yet we are not disposed to extend the doctrine so far as to work an estoppel of the defendant's right of defence. The distinction may be a nice one ; but it may be sufficient to avoid the

odium of shutting out the truth. It is probable, tl at when that case was decided, the attention of the Court being engrossed with the justice of the claim, they did not advert to the great inconvenience which might arise from a very frequent repetition of notices. If they had, perhaps their decision would not have been changed. Afterwards, however, in *Newton* v. *Randolph*, 16 Mass. R. 426, this point was more thoroughly investigated ; and the views there expressed, certainly better accord with our opinion in this case, than with the former decision. But the case of *Townsend* v. *Billerica*, has never been overruled, and it is not our purpose to call it in question. It may govern cases like it ; and it probably would be for the furtherance of justice, that it should do so. If notices be shorn of their power to work estoppels, the frequent repetition of them would not be likely to cause injustice or to produce much inconvenience to anybody except those who practised it.

The distinction which we make is supported by a comparison of the cases of *Hallowell* v. *Harwich*, 14 Mass. R. 186, and *Newton* v. *Randolph*, 16 Mass. R. 426. The two cases can be reconciled upon no other ground. The one or the other must fall, or this distinction must be maintained. In the former, it was decided, that expenses incurred during the pendency of a suit could not be recovered, without a new notice ; and, as a necessary consequence, that they may be upon a new notice. In the latter, it was decided, that a notice given pending a suit, though unanswered, would not operate to estop an inquiry into the settlement of the paupers. If, therefore, these cases are sound, a notice may be sufficient to enable the one party to maintain an action, and ineffectual to preclude the other from availing himself of a full defence. And our present decision is reconcilable with that of *Townsend* v. *Billerica*, upon precisely the same distinction upon which these two cases stand.

The notice by the town incurring the expenses, is the first step in the legal proceedings, by which the rights of the parties are to be tried. And, although the first link, it is as necessary to the strength of the chain as any other. It may be deemed the commencement of the process ; the defendants, having replied to it, "have satisfied the statute ; have done all

Marshpee
*v.*
Edgartown.

a

<div style="margin">Marshpee<br>v.<br>Edgartown.</div>

that is required of them to prevent the estoppel ; the proceed ings *in pais* are at an end ; and the question of the settlemen is to be determined judicially." The defendants are not required to do any thing further till this process is terminated either by a decision in court, or by lapse of time. If the two years within which a suit may be brought have expired, then the parties will be restored to their original ground ; and each one should be on his guard against the acts of the other.

Two of the paupers named in the last notice were not included in the former one. As to them this notice will be conclusive. But as to the three who were included in both notices, the defendants are not precluded from controverting their settlement.

*Verdict set aside and new trial ordered.*