## The Inhabitants of Augusta *versus* The Inhabitants of Vienna.

Where it was proved, that a notification, stating the facts in relation to a pauper, as required by the act for the settlement and relief of the poor, St. 1821, c. 122, § 17, and properly directed to the overseers of the town where his settlement was alleged to be, was put into the postoffice on a certain day, and did arrive at the postoffice in the town to which it was directed, and was actually received by the overseers, but the precise day did not appear; *it was held,* that in the absence of all other evidence, the presumption of law was, that the notice was received in due course of mail.

The arrival of the notice at the postoffice in the town to which it is directed, is made by the St. 1835, c. 149, equivalent to a delivery to the overseers, and the two months within which an answer is to be returned back, commence from such arrival of the notice.

It is not necessary that the postage on the letter in which the notice is sent, should be paid by the town sending it.

After two years from the time a notice is given, where no judicial decision respecting the settlement has been had, and where no action, or process, is pending between the parties in relation to it, such notice becomes wholly inoperative, and cannot afterwards vary the rights of the parties.

This is an action of assumpsit for the support of sundry paupers' and for the expense of their removal. The plaintiffs, to support the issue on their part, proved that a notification

in due form, and properly signed, for the purpose of giving notice to the overseers of the poor of Vienna that said paupers had become chargeable to the plaintiffs, and requesting the payment of the charges incurred, and the removal of said paupers, was enclosed in a letter superscribed to the overseers of said Vienna, and despatched by mail on the 28th day of September, 1839 ; and that if it arrived in due course of mail, it must have reached the postoffice in that town on the same day. The reply to this notification bore date on the 2d of December following, and was received by the overseers of Augusta on the third of the same month. The defendants contended, that it did not appear that the said notification arrived at the postoffice in Vienna more than sixty days before the reply was received by the overseers of Augusta. But WHITMAN C. J. before whom the trial was had, in March, 1842, ruled, as the notification appeared to have been received, and as in due course of mail it should have arrived on the 28th of September, it might be considered that there was *prima facie* evidence that it did so arrive.

The defendants then introduced the postmaster of Vienna, who testified that he could not tell when said notification did arrive; that although it was required of him, by the postoffice regulations, to make regular entries of all letters arriving at his office, in a book kept for that purpose, there was no entry of the letter which contained said notification ; that he had no doubt the letter did arrive, and was delivered out by him to some one, but when he could not tell, but had an impression that it arrived and was delivered out some eight or ten days after the said 28th of September; that his way bills, which accompany letters, are forwarded quarterly with his quarterly accounts to the general postoffice ; that a quarter ended on the 30th of said September, and if the letter arrived on the 28th of September, the way bill accompanying it would be sent off the 1st of October following; that he could not tell whether he made search for the way bill in December following said 28th of September, or not, at which time he was called upon to examine and ascertain whether and when said letter arrived ;

that letters did not arrive always in due course of mail, and sometimes not for a week afterwards; and that he made it a practice to send or deliver letters directed to the overseers of the poor, directly after their arrival, and thought he must so have delivered or forwarded the letter in question. The defendants then proved that the letter in question was not received from the postoffice in Vienna by the overseers of the poor there, till the eighth of October, 1839, when it was forwarded to one of them by a person by whom he had sent to the postoffice for his papers.

The plaintiffs then introduced a witness, who testified that he called at the postoffice in Vienna about the first of December, 1839, and requested the postmaster of that town to examine his books and way bills and ascertain when the said letter arrived there, and that the postmaster made search for an entry in his books concerning it, and also for the way bill which accompanies it, and could not find any such entry or way bill.

There was no proof other than from the supposed want of a seasonable reply by the defendants, tending to show that the settlement of the paupers was in either of said towns.

The defendants offered to prove that in 1825, the plaintiffs caused notice, signed by their overseers of the poor, to be served on the overseers of Vienna, informing them, that said paupers had fallen into distress in Augusta, and stood in need of supplies, and had received them; and requesting the overseers of Vienna to remove them; and that the defendants made a seasonable reply thereto, denying the settlement of said pauper to be in Vienna; and that no action was commenced for the supplies, nor any further measures taken relative thereto. And that the plaintiffs had furnished said paupers with supplies afterwards and before those for which compensation is claimed in this action. The plaintiffs objected to proof of the notification in 1825, without producing it. The defendants then produced one of the overseers of Vienna of that year, who now lives in Mount Vernon, who said the notification was filed away, when received, among other papers of the overseers,

Augusta *v.* Vienna.

and that he had not looked for it since; and the Court reject-
ed the evidence so offered.

The Chief Justice thereupon instructed the jury, that the
putting a letter, containing a notification, as proved in this
case, into the mail, and proving when in due course of mail, it
should have arrived, was presumptive and *prima facie* evi-
dence, that it did arrive at that time. That in the present
case, if they believed that the postmaster could not find the
way bill accompanying the letter, despatched by the overseers
of Augusta, when called upon in December, 1839, they would
consider whether it did not furnish strong corroborative evi-
dence, that the letter must have arrived before the close of
the quarter preceding; and whether, if it had not been sent to
Washington, at the close of that quarter, it was not reason-
able for them to believe that the postmaster must have been
able to find it. That if they should, on the whole, be satisfied
that the letter must have arrived in due course of mail, the
reply of the defendants not having been seasonably made
thereafter, they must be liable to answer to the plaintiffs in the
present action, supplies being proved to have been furnished. ·

The jury thereupon returned their verdict for the plaintiffs,
and the defendants filed exceptions.

*Wells,* for the defendants, in support of his first objection,
which is stated in the opinion of the Court, cited *Sutton* v.
*Uxbridge,* 2 Pick. 436; *Hathaway* v. *Clark,* 5 Pick. 490;
*Comm.* v. *Low,* 3 Pick. 408. The ruling of the Judge throws
the burthen of proof upon us, to show that the letter did not
arrive at the postoffice in due course of mail, when it should
be upon the plaintiffs to show that it did. The statute of
1835, c. 149, does not make the putting of the letter into the
office, equivalent to notice, but its actually reaching the post-
office in the town. The time commences with the reception
in the town to be charged, and not at the time when the letter
was mailed.

The fact that the postmaster did not find the way bill in
December, is not strong corroborative evidence, that the letter

arrived before the first of October, but affords much stronger evidence of the reverse.

The postage of the letter should have been paid by the plaintiffs. The notification by letter, is a substitute for the actual notice required by the former statute, which was at the expense of the town giving the notice. The statute of 1835, does not require, that the town notified should pay the expense of the notice.

The testimony rejected should have been admitted. There can be but one notice for one continued support of the same paupers. *Newton* v. *Randolph,* 16 Mass. R. 426.

*Vose* and *Lancaster,* for the plaintiffs, contended, that the presumption of law is, that all public officers whatever do their duty. 3 Stark. Ev. 1250 ; 3 East, 192. If the postmasters did their duty, the letter must have reached the postoffice in Vienna before the first of October. The law only requires, that the letter should arrive at the postoffice, and if the overseers do not immediately take it out, they should inquire when it arrived, and take care and send their answer in season, if the pauper does not belong to them.

The testimony was rightly rejected, because the original should have been produced, and not its contents proved ; and because it was wholly irrelevant. The most that could have been made out of it was, that the town officers at that time did not think that they had a good cause of action, or they would have brought their suit. But any admissions of the officers of a town cannot change the settlement of a pauper. *Peru* v. *Turner,* 1 Fairf. 185.

The case does not show that the postage of the letter was not paid. But the plaintiffs were not obliged to pay it. The statute only requires, that the letter should reach the town to be charged by due course of mail, not that the postage should be paid, when put in.

The opinion of the Court was drawn up by

SHEPLEY J. — It is enacted by the seventeenth section of the act of 1821, c. 122, providing for the settlement and re-

Augusta *v.* Vienna.

lief of the poor, that on the required notice being given, if the pauper is not removed, and the notice is not objected to in writing within two months after such notice given, that the town, whose overseers are thus notified, shall be liable for the expenses of his support and removal, "and shall be barred from contesting the question of settlement with the plaintiffs in such action." The act of 1835, c. 149, provides, that if the written notice and answer thereto "shall be sent by mail, and shall arrive at the postoffice in the town where the overseers of the poor of the town to whom such notice or answer may be directed shall reside, it shall be taken and deemed equivalent to an actual delivery of such notice or answer to such overseers."

The first exception taken is, that " the Court ruled, as the notification appeared to have been received, and as in due course of mail it should have arrived on the 28th of September, it might be considered, that there was *prima facie* evidence that it did so arrive." It is said, that this is not a case for presumption ; and that it cannot have been the intention of the legislature, that an estoppel should be created by a mere presumption of law. It is true, that the statute requires notice ; and the case finds, that notice was actually received. The true question then is, on whom was the burthen of proof of the time when it was received. And there is no injustice in applying a presumption of law to the decision of that question. The overseers of the poor of the town receiving the notice, were legal witnesses, and could be called to testify to the fact by either party. If they had no memorandum or recollection of the date, there might be no positive proof ; and the law must supply a rule of its own, to decide from whom the proof ought to have come, and upon the effect of the omission to produce it. And it does, by one of its maxims, furnish such a rule. It is, that all acts are presumed to be legally and properly done, until the contrary is proved. Every person holding an office or trust, is presumed to perform his duties without violating the laws. The case finds, that the letter containing the notice " was despatched by mail on the

28th of September, 1839, and that if it arrived in due course of mail, it must have reached the postoffice in that town on the same day." And it must have arrived in due course of mail, unless some postmaster or mail carrier violated the law, and neglected his duty ; and the presumption of law is, that he did not. The arrival at the postoffice is made by the statute equivalent to a delivery to the overseers, and the two months would commence from such arrival or delivery. It is also objected, that the notice was not legal and effectual, because the postage of the letter enclosing it was not paid. The statute having provided, that if the notice shall be sent by mail, and shall arrive, it shall be deemed equivalent to actual delivery, it is not for the Court, by construction, to annex another duty to be performed by the plaintiffs to those prescribed by the statute, to make such notice equivalent. The legislature might have considered, that the burthens would be as fairly equalized by requiring each town to pay the postage on its letters received, as on its letters sent. And that by requiring the payment to be made on those received, the law would be more analogous to that respecting notices on bills of exchange, than it would by requiring payment of the postage on those sent.

It is contended, that the testimony offered was improperly excluded, and that the rights of the parties might have been affected by it. And the counsel relies upon the decision in the case of *Newton* v. *Randolph*, 16 Mass. R. 426. In that case it was decided, that a new notice, while an action was pending to decide the settlement, or after the settlement had been judicially determined, would not operate as an estoppel. When the notice was given in this case, there had been no judicial decision respecting the settlement, and there was no action pending between the parties relating to it. The notice given in the year 1825, became inoperative by the provisions of the eleventh section of the statute, after two years. The subsequent proceedings could not have varied the rights of the parties, and the testimony was properly excluded as immaterial. It is not therefore necessary to decide whether the written notice ought to have been produced.

The remarks of the presiding Judge upon the testimony did not withdraw it from the consideration of the jury, or deprive them of the right to decide according to their own sense of duty. And they are not therefore liable to exception, as an expression of a legal opinion. It may be proper to observe however, that the postmaster must have received a way bill, and must have forwarded it, according to his own testimony, on the first day of October, or it might have been found, unless some person officially intrusted with the performance of a duty, had, contrary to law, refused or neglected to perform it; and the presumption of law is, that he did not.

*Exceptions overruled.*