Turley, J.
delivered the opinion of the court.
At the August term, 1843, of the Circuit Court- of Bedford county, the prisoner was arraigned and tried upon a bill of indictment for homicide. The indictment contains three counts. The first, charging him with.commission of the offence as principal in the first degree. The second, charges the offence to have been committed by a person unknown, and that the prisoner was present, wilfully, deliberately, maliciously and pre-meditatedly, aiding, abetting and assisting the unknown per *281 son, the said felony and murder to commit. The third, charges the offence to have been committed by some person unknown, and that the prisoner did feloniously, wilfully, deliberately, maliciously and premeditatedly incite,-move, procure and counsel, hire and command the said unknown ' person, the said felony and murder to do and commit.
Upon the trial, the jury returned a verdict, that the prisoner was not guilty upon the 1st and 2d counts in the indictment, but was guilty upon the 3d; upon which judgment of death was given against him, to reverse which he prosecutes his writ of error to this court. This verdict and judgment acquit the prisoner of the charge of having committed the murder himself, or of having been present, aiding and abetting its commission. The court is, therefore, freed from the necessity of examining the proof in order to ascertain the truth or falsity of these allegations. .
The only question for our examination and consideration is, whether the judgment pronounced by the Circuit Judge, can be maintained upon the third count in the indictment; and this is a question of law-and not of fact, as it is presented. • We do not, therefore, deem it necessary or proper to enter into any -investigation whatever of the proof adduced on the trial, and embodied in the record.
The 3d count of the indictment charges the prisoner as an accessary before the fact and no more; this is so clearly so, that to enter into an argument to prove it, would be a waste of time. It charges the offence to have been committed by a person unknown; upon it the prisoner was put upon his trial, without his previous consent, and before the conviction of the principal. Can a conviction thus obtained, be enforced by a judgment of the court? We think most clearly not.
It is well settled by the common law, that an accessary cannot be put upon trial without his own consent previous to the attainder of his principal, unless they he jointly tried. Arch-bold in his Summary of Pleading, and Evidence in Criminal Cases, page 518, says; “Formerly an accessary could not without his own consent, unless tried with the principal, be brought to trial until the guilt of his principal had been legally ascer *282 tained by conviction.” Chitty in the 1st volume of his Criminal Law, page 180, has the same in substance: he says; “Formerly the accessary could never be tried without his own consent before the conviction, or outlawry of the principal, unless they were tried together.” And the truth of this proposition is fully sustained by 1st Hale, 621; Hawkins’ b. 2, c. 29, sec. 34; 4 Black. Com. 39; Com. Dig. Justice, p. 2; and the reason of this rule is obvious. There can be no accessary to an offence, unless an offence has been committed, and it will not do to say, that the goods of another have been stolen; that a house has been broken, or a homicide committed; all this may be, and yet there be no laceny, no burglary, no murder; for the commission of the offence cannot be predicated of the fact, until it has been judicially announced upon legal investigation. And this investigation, upon principle, cannot be made, except upon a charge against the perpetrator, who is supposed to be best acquainted with the circumstances attending the transaction, and the best qualified to make the proper defence.
The principle has been recognized, as above stated, in the United States, as far as we have had an opportunity of ascertaining.
In 3d Mass. Rep. 126, Commonwealth vs. Thos. Andrews, it is held, that “an indictment against one for feloniously receiving stolen goods, cannot be maintained, unless there is evidence that the principal has been convicted. If the accessary plead to the indictment and suffer a trial without demanding the previous trial and conviction of the principal, it is no waiver of this right. No assent can be implied from his submission to the course directed by the Attorney General in the court. In criminal. cases, an express relinquishment of a right should appear before the party can be deprived of it. Here is no such relinquishment, but merely a silent submission, which might have arisen from ignoranceatthetime, that such right existed.” In the case of The Commonwealth vs. Phillips, 16 Mass. Rep. 426. Upon this subject, the Chief Justice Parsons, says, “the Justices have carefully examined the books upon the subject, and are unanimously of opinion, that by the common law, an accessary cannot be put upon his trial, but by his own consent, *283 until the conviction of the principal. And the reason of this rule is very plain. If there is no principal, there can be no ac-cessary; and the law presumes no one guilty until conviction. One only doubt arose, from the peculiar circumstance in this case, that the person charged as principal is dead, and can never be tried. If he were alive, and on trial, it is possible he might establish his innocence, strong as the evidence has appeared in support of his guilt. In such case, the prisoner could not be found guilty.” This principle of the common law, has been modified in England by various statutes. The statute of 1st Ann, ch. 9, sec. 2, enacts, “that whosoever shall buy or receive stolen goods, knowing them to be stolen, may be prosecuted for a misdemeanor, and punished by fine and imprisonment, though the principal felon be not convicted.” And this provision is extended by 22d George III, ch. 58, sec. 1, to cases of petit larceny, and by it all accessaries in grand larceny are liable to be indicted as such,’ at any time before the conviction of the principal. The statute of 7th George IV, ch. 64, enacts, “that if any person shall counsel, procure, or command any other person to commit any felony, whether the same be a felony at common law, or by virtue of any statute or statutes, made or to be made, the person so counseling, procuring, or commanding, shall be deemed guilty of felony, and may be indicted and convicted, either as an accessary before the fact, to the principal felony, or after the conviction of the principal felon, or may be indicted and convicted of a substantive felony, whether the principal felon shall, or shall not have been previously convicted, or shall, or shall not. be amenable to justice, and may be punished in the same manner as any accessary before the fact, to the same felony, if convicted as an accessary may be punished.” The provisions of none of these statutes are in force in this State; the question as to the propriety of introducing them, is for the consideration of another department of the State, the legislature. Our statute of 1829, ch. 23, has made no alteration in the principle of the common law; it provides in sec, 4, “that every person convicted of the crime of murder in the first degree, or as accessary before the fact to such crime, shall suffer death, by hanging by the neck.” This only *284 specifies the punishment to be inflicted upon the accessary, but does not change the relation, as established by the common law, between the principal and the accessary, or the mode in which the prosecution shall be conducted.
Upon the authority of the case of the King vs. Walker, 3 Campbell, 264, it was supposed by the Attorney General, in argument, that where the bill of indictment against the accessa-ry, states, that the felony was committed by a person, to the jurors unknown, the-accused might be put upon his trial. But on an examination of this case, we find it warrants no such supposition. . The question in that case, was not, whether the ac-cessary could be put upon trial before the attainder of his principal, but whether a bill of indictment could be sustained, which charged the felony to have been committed by a person unknown; and the Justice, L. Blank, who tried the case, said, it could not-, if it appeared that the principal felon was a witness before the grand jury. Now, it never has been. doubted, that an accessary may be indicted before the conviction of his principal, and the case from 3d Campbell, only shows, negatively., that an indictment, charging the felony to have been committed by. a person unknown, where the fact is so,. can be maintained. But, if it be maintainable, it still must abide in the court for trial in the same way, as if it had charged the person by name who committed the felony; that is, until the per-, son who committed the offence, as principal, can be ascertained and convicted. It would be strange, indeed, to hold, that an accessary cannot be tried till after the conviction of the principal, where he is known, but may be where he is not; causing, thereby, two uncertainties to overcome a difficulty, which one had thrown in the way. Upon the whole, then, we reverse the judgment of the Circuit Court, and remánd the prisoner.