Newcomb *v.* Steamboat Clermont.

*W. G. Woodward* and *D. C. Cloud*, for plaintiff in error.

*R. P. Lowe* and *J. Butler*, for defendant.

———o o o———

NEWCOMB *v.* STEAMBOAT CLERMONT, No. 2.

- The act to provide for the collection of demands against boats and vessels, only authorizes suits commenced within one year after the cause of action accrued. This limitation is absolute and jurisdictional, and need not be pleaded.

The steamboat act is in derogation of the common law, and should be strictly construed; but still, in a manner to give full effect to the remedy intended.

ERROR *to Muscatine District Court.*

*Opinion by* GREENE, J. Action on a promissory note against the steamboat Clermont, No. 2. Note given by M. Littleton, captain and part owner of said boat, April 20, 1848, by which he promised for himself, for the boat, and

the owners thereof to pay A. B. Newcomb, or order, five hundred and twenty-four dollars and six cents, one day after date, "for money to outfit and furnish supplies for the use of said boat."

Proceedings commenced July 8, 1850, under " an act to provide for the collection of demands against boats and vessels." Rev. Stat. 101. The twenty-first section of the act declares that " all actions under the provisions of this act shall be commenced and sued within one year after the cause of such action shall have accrued." Under this section the defendant moved to dismiss the suit, because the record showed that the suit was barred by limitation of the statute. The motion was granted, and for this it contended that there was error in court below. It is claimed that the defendant should have pleaded the limitation, and given the plaintiff an opportunity to reply. This position could not be questioned if the twenty-first section referred to was in the nature of a limitation act, if it contained any saving clause or qualification, or if such could be legally implied from the character of the statute. But the section is absolute in its terms, and the act itself is in derogation of the common law; the one admits of no qualification, and the other of no implication. Such an action against a boat or vessel by name, is not known at common law. It is alone authorized by the statute, which should therefore be construed strictly, but still in a manner to give full effect to the remedy intended. The twenty-first section is clear in expression and free from ambiguity. Suit under the act must be commenced within one year after the cause of action accrued. Within that time only, then can a party avail himself of this extraordinary remedy. It is obvious that the legislature intended that boats and vessels should be free from such liability after one year, and that thereafter creditors could only proceed against those owning the boat at the time the liability was created.

As this wholesome restraint upon the plaintiff's right of

Budyman *v.* Vicle.

action is absolute, and is a condition upon which jurisdiction depends, it need not be pleaded by the defendant but should be entertained by the court on motion.

This view is abundantly supported by decisions under the pauper statute of Massachusetts, when the action was limited to two years after the cause accrued. *Townsend* v. *Billerica*, 10 Mass. 414; *Needham* v. *Newton*, 12 ib. 453; *Hollowell* v. *Harwick*, 14 ib. 186. In the last case it was held that the two year provision will be taken notice of by the court without its being pleaded, because by the statute the right of action was upon the condition that it be brought within two years after the accruing of the liability. The authorities cited by counsel for the plaintiff in error would be conclusive in his favor, if the question arose upon an ordinary limitation statute, but we think them inapplicable to the case at bar. We conclude then that the court below did not err in granting the motion.

Judgment affirmed.

*S. Whicker*, for plaintiff in error.

*Wm. G. Woodward*, for defendant.