LUSANNA B. FULLER *vs.* NATHANIEL J. RUST.

Essex. November 7, 1890. — January 9, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Assignment of Dower — Evidence.*

An assignment of dower by the Probate Court, under the Gen. Sts. c. 90, § 3, (Pub. Sts. c. 124, § 10,) against common right in all the lands of which the husband of the dowress died seised, and duly accepted and enjoyed by her, is conclusive that dower was set out in all his real estate; and on a writ of dower afterwards

brought by her, parol evidence is inadmissible that a part of the real estate duly sold to pay debts was not taken into account by the commissioners in setting out the dower.

WRIT OF DOWER, dated April 12, 1888, by the widow of Daniel W. Fuller. Trial in the Superior Court, before *Dewey,* J., who reported the case for the determination of this court, in substance as follows.

Daniel W. Fuller of Gloucester died on February 18, 1880, seised of lands in that part of Gloucester called Magnolia, of which the demanded premises formed a part, and of a lot of land in Swampscott. On October 23, 1880, the administrator of his estate, under license duly granted by the Probate Court to sell a part of the real estate for the payment of debts, sold the demanded premises by auction to the tenant, who was the highest bidder, and subsequently executed a proper deed to him. The tenant thereupon entered into possession, and has since occupied and improved the demanded premises. The demandant did not join in this deed in release of dower. On June 10, 1882, the demandant filed a petition in the Probate Court, alleging that the intestate, "whose estate is settled in this court, died seised of certain lands in this Commonwealth," and that as his widow she was entitled to dower in such lands; and prayed that her dower therein might be assigned to her. The decree of the Probate Court on this petition, after reciting that it appeared that "said Daniel W. Fuller died seised of lands in this State," was that "dower in said lands be assigned to her," and it appointed commissioners "to set off said dower." A warrant was issued to the commissioners, directing them "to set off the dower of Lusanna B. Fuller, widow of Daniel W. Fuller, late of said Gloucester in said county, trader, deceased, which she is entitled to in the lands of which he died seised in this Commonwealth." Their return recited that they had "appraised all the real estate of which Daniel W. Fuller, late of Gloucester in said county, died seised in this State, as follows," namely, 510,357 square feet of land in Magnolia, valued at $36,803, and woodland and the Swampscott lot, valued at $1,675 and $1,200 respectively; and that they had assigned and set off to the demandant by metes and bounds certain parcels of real estate, "in full for her dower in the estate of her late husband," of the value of $13,226, "the

same to be one third part of the appraised value of all the real estate of the late Daniel W. Fuller as set forth in the foregoing." The lots of land thus set off to the demandant as dower consisted, as disclosed by the return, of certain lands in Magnolia Village, and designated on a plan thereto annexed, among which was a lot numbered 77½, and of the lot of land in Swampscott, but none of the woodland was included therein. The demandant assented in writing to the above return of the commissioners, and requested that the same be confirmed without further notice. Whereupon the Probate Court accepted the report, and decreed that the land above described be assigned to her in dower. The assignment to the demandant made under the probate proceedings was of certain entire lots, and against common right.

The demandant thereupon accepted the lands so assigned to her, and entered into the occupation and use of the same, and has at different times before and once at least since the bringing of this action, sold certain parcels of the land so assigned, by deeds in which she recites her interest as " my interest being as tenant in dower of the same, the same having been assigned to me as dower in the estate of my deceased husband."

The demanded premises, which included 5,000 square feet of land, consisted of a lot of land on Cliff Street just west of lot numbered 77½. Joseph O. Proctor, one of the commissioners appointed to set out dower under the proceedings of the Probate Court, testified, on cross-examination, that at the time he was acting as commissioner he knew of the demanded premises, and that they were a part of the estate of which Daniel W. Fuller died seised. The demandant offered to show by the testimony of Proctor that the demanded premises were not in fact included in either of the items of the inventory, — i. e. the 510,357 square feet and the sixteen and three quarters acres of woodland in Magnolia, — and that the demanded premises were not taken into account by the commissioners in assigning the dower. The judge excluded the evidence, and the demandant duly excepted. The demandant also offered to show, by her own testimony, that, when dower was assigned to her by the Probate Court in 1883, she understood that all the lands of which her husband died seised, including the demanded premises, were appraised and taken into

consideration by the commissioners. The judge excluded the evidence, and the demandant duly excepted.

The judge ruled that the demandant could not maintain her action, and ordered judgment for the tenant. If the ruling was right, judgment was to be entered for the tenant; otherwise, the case was to stand for trial.

*H. P. Moulton*, for the demandant.

*B. N. Johnson & W. O. Underwood*, for the tenant.

W. ALLEN, J. This is a writ of dower, dated April 12, 1888. The case comes up by report, and no question of pleading is reserved. One defence is that the demandant's dower in the demanded premises has been assigned to her by the Probate Court. The record of the proceedings of the Probate Court is made part of the report, and shows that, on the petition of the widow, her dower in all the lands of which her husband died seised in this Commonwealth was duly assigned to her. The estate consisted of different parcels, and the assignment was not of one third of each parcel, but of the whole of a number of parcels, as one third of the whole estate. The demandant assented to the report of the commisssioners, and requested that it be allowed, and entered and continued in the occupancy of the lands assigned to her as tenant in dower. Setting off the whole of one of several parcels for dower in that and the other parcels is the assignment against common right found in the report.

The jurisdiction of the Probate Court to assign dower in all the real estate of the husband of which he died seised in this Commonwealth, and with the consent of the parties to set off one third of the whole estate, and not one third of each parcel or part, is conceded. It is unnecessary to consider whether the assignment of one parcel for dower in several parcels is binding upon the dowress without her assent, express or implied, because in this case her assent is of record; nor whether the incident to the assignment *in pais* without common right that no warranty is implied, and that the assignment is in satisfaction and release of all claim of dower in the other parcels, applies to such an assignment by the Probate Court or in a writ of dower. See *French* v. *Pratt*, 27 Maine, 381 ; *French* v. *Peters*, 33 Maine, 396 ; *Leonard* v. *Leonard*, 4 Mass. 533 ; *Miller* v. *Miller*, 12 Mass.

454; *Scott* v. *Hancock,* 13 Mass. 162, 168; *Jones* v. *Brewer,* 1 Pick. 314; *Tilson* v. *Thompson,* 10 Pick. 359; *Fosdick* v. *Gooding,* 1 Greenl. 30; 2 Scribner on Dower, (2d ed.) 588.

The proceedings in the Probate Court were regular, and the conclusiveness upon the demandant of its decree of assignment of dower to her cannot be questioned. She has not been evicted, but continues in the lawful enjoyment of the dower set off to her, and the only question we are called on to consider is whether the assignment included dower in the land in which she now demands dower. The husband died seised of the demanded premises, and the demandant was entitled to dower in them, and it must be inferred from the report, though not expressly stated, that the premises were included in the inventory of his estate.

The Gen. Sts. c. 90, § 3, which were in force when the dower was assigned, and were substantially re-enacted in the Pub. Sts. c. 124, § 10, provided that " when a widow is entitled to dower in lands of which her husband died seised, and her right is not disputed by the heirs or devisees, it may be assigned to her, in whatever counties the lands lie, by the Probate Court for the county in which the estate of the husband is settled." This statute was first enacted in the Rev. Sts. c. 60, § 3. Before that, the Probate Court exercised a qualified jurisdiction to assign dower in an estate in process of settlement before it, recognized, but not expressly given by statute. *Sheafe* v. *O'Neil,* 9 Mass. 9. Before and since the statute was passed, the general practice is believed to have been to assign dower in all the estate in this Commonwealth of which the husband died seised, against common right, and with the recorded assent of the parties. The obvious purpose of the statute, like that of the statutes of distribution and of partition by the Probate Court, from which the jurisdiction was derived, was to afford the parties a simple, speedy, and effective mode of assigning the dower in the whole estate. Whether it included jurisdiction to assign dower of common right in one part or parcel of the estate, need not be considered. The Probate Court in this case assumed jurisdiction to assign dower against common right in all the lands of which the husband died seised in this Commonwealth. The petition of the demandant, and the decree of

the court upon it, were for the assignment of dower in all the lands of which her husband died seised in this Commonwealth, and the warrant to the commissioners was to set off dower in all the real estate of which the deceased " died seised in this Commonwealth." The return of the commissioners was that they had appraised " all the real estate of which . . . Fuller . . . died seised in this State," and that they had assigned and set off by metes and bounds the following described parcels of real estate " in full for her dower in the real estate of her late husband." The record shows that dower in the land in which dower is now demanded was included in the dower assigned.

The demandant offered to show, by parol evidence, that the land was not in fact included in the appraisal of the estate by the commissioners, and was not taken into account by them in assigning the dower. The land was a lot in the village of Magnolia, containing five thousand square feet, adjoining land assigned as dower. The inventory of the commissioners in their report contained an item of 510,357 square feet of land in Magnolia Village, appraised by them at $36,803, and two other items, one of woodland, and one of land in Swampscott. The land in question had been sold by the administrator, under license of the Probate Court, before the assignment of dower, and was then in the occupancy of the tenant, who was the purchaser. The demandant did not offer to show, by a comparison of the inventory of the estate in the Probate Court, that any land contained in that was omitted by the commissioners in their appraisal, nor that the commissioners did not in fact know that the land was part of the estate of her husband, in which she was entitled to dower. On the contrary, the evidence was that the commissioners knew that it was part of the estate of which her husband died seised, and the demandant testified that she understood that all the lands of which her husband died seised were included in the appraisal of the commissioners, and were taken into consideration by them. All that she offered to prove was, by the testimony of one of the commissioners, that it was not in fact included in the item in their entry of 510,357 feet of land, or in either of the other items, and was not in fact taken into account by them in assigning the dower.

We think that the record is conclusive upon the demandant that dower in the land in which she now seeks dower has been assigned to her, and that the evidence offered by her is clearly incompetent to control its meaning.   If the offer had been to prove that estate of the husband had been discovered since the assignment of dower, and was not included in his estate then known, it might be argued that such estate was not included in the intendment of the decree.   *Milton* v. *Milton*, 14 Fla. 369. If the assignment had been of dower in one parcel of common right, it might not bar an assignment of dower in another parcel, as seems to have been decided in *White* v. *Willis*, 7 Pick. 143, though that case was before the Revised Statutes.   The most that the evidence tends to prove is, that the commissioners and the demandant made a mistake.   The demandant had ample remedy.   She could have refused to consent to the assignment; she had a right of appeal, and she could apply to the Probate Court for a revisal of the assignment, or for a new assignment. Having assented to it, and acted upon it for six years, there is no injustice or hardship in the law which holds that she is bound to it.   Knowing what was assigned to her, and knowing the whole estate, she accepted that assigned as her dower in the whole estate, and still claims to hold, it.   Had she objected at the time, a new assignment could have been made, which would not have included the land of the tenant in that assigned to her. Having allowed the decree to become final, as an assignment of her dower in the whole of the estate, she is barred from claiming dower in the part of the estate now owned by the tenant.

As we think that the evidence was properly excluded, and the decree conclusive that the demandant has no right of dower in the premises, it is not necessary to consider the other questions argued.

*Judgment for the tenant.*