Mr. Justice Clayton
delivered the opinion of the Court.
In the year 1838, one Bennet Higgins entered into a written contract with the president of the board of police of Yalabusha county, for the building of a Court-house for the county. Afterwards Thomas Carbry, the defendant in error, made a sub-contract with Higgins to do the wood-work of the building, and received an order for the amount to be paid him upon the board of police, which order was approved and accepted by the board. After some years, -and after the completion of the work, as Carbry alleges, he presented the amount of his claim . against the county to the board of police, to be audited, and applied to the board for a warrant upon the county treasurer for the amount due. The board refused the application, upon the ground that the work was not finished according to contract; from this order of refusal, Carbry prayed an appeal to the next Circuit Court. He offered to tender a bill of exceptions, which, by consent of the board of police, was waived, and, in the *546 language of the record, “it was agreed, upon the said petitioner praying an appeal to the next Circuit Court of Yalabusha county, that the cause might be tried de novo, upon such evidence as the respective parties may introduce, subject to the opinion of the Court as to its legality and competence.” Afterwards upon the petition of Carbry the venue was changed to the county of Carroll. Upon the trial of the cause in that county, by consent of the counsel on both sides, all objection to the jurisdiction was waived, and by like cohsent, the cause was tried de novo by a jury, without the formal-, ity of pleading, and without an issue. The jury found a verdict in favor of Carbry for the sum of $7356, for which a judgment was rendered by the Court against the county, and the judgment ordered to be certified to the board of police of Yalabusha; from which judgment a writ of error is prosecuted to this Court.
The questions involved in the record are many of them highly important, and of the first impression in this Court. But we have been much aided in the investigation, by the ability with which the case was argued by the counsel on both sides.
The first question presented for consideration is, whether the appeal would lie in this instance. The statute enacts, that “ it shall and may be lawful for all persons who feel themselves aggrieved by the judgment of the board of police of the county, to appeal by bills of exception or certiorari to the Circuit Court of his county.” H. & H. 453. It is insisted in argument, that the order of the board of police refusing the application, is not within the meaning of the statute a judgment; that there is nothing conclusive in it; that it constitutes no bar to another application, and that the petition may be renewed again and again without restraint, and at pleasure.
We cannot concur in this view of the matter. By the 80th section of the Act in regard to' the1 board of police, which has succeeded to the powers of the County Court, it is provided, that the County Court shall in term time audit and allow, on due proof, all accounts and demands legally chargeable on their respective counties, and the claimant shall receive a warrant on the county treasurer, signed by the clerk, with the seal of office thereto affixed, for the amount so allowed,' H. & H. 465. This vests the board *547 of police with power in term time to decide upon claims of the kind which was submitted to it in this petition. A judgment is defined to be the decision or sentence of the law given by a court of justice, as the result of proceedings instituted therein, for the redress of injury.” Bingham on Judgments, 1, 11 Law Lib. This definition embraces the determination in this case, and gives to it the character of a judgment. In The People v. Collins, 19 Wend. 60, the law is thus laid down : “The very act of creating a board for determining controversies and settling rights, implies that the legislature cannot themselves determine and settle them. They, therefore delegate judicial power to others, with the intent that they shall hear, try, and determine finally. This is so of every court, every magistrate, and every commissioner.” The decision of the solicitor of the treasury of the United States, upon a claim specially referred to him by an Act of Congress, is final. Kendall v. United States, 12 Peters, 527. So of aboard of commissioners to adjudicate land titles. Strother v. Lucas, 12 Peters, 412. Their judgment or decision is conclusive, unless an appeal in some shape be given. In Burnett v. The Auditor of Portage County, 12 Ohio R. 58, there was a contest in regard to a claim against the county. The Court says, “ The board of county commissioners must first act in the matter. That is the tribunal which the law has provided for settling the question ; and when adjudicated there, the decision will be final, unless vacated by an appeal.” It would tend to an endless discussion of the same matter, if at some period the decision of the board of police were not final, and we can lay down no other rule than that which is applicable to all other tribunals, that the first judgment is conclusive, unless a rehearing be granted, or an appeal be taken in some specified mode.
It is next objected, that the statute granting an appeal to the Circuit Court is unconstitutional. The foundation of this objection is, that the Constitution intended that all appellate jurisdiction should be vested in this Court alone. It is certainly true that no law can be passed which would give an ultimate jurisdiction of an appellate character to any other than the Court of Errors and Appeals. Yet that intermediate appeals may be allowed, has already been settled by this Court, in reference to other tribunals. It was settled in *548 regard to the Criminal Court, that the allowing of a certiorari to remove the record into the Circuit Court was constitutional. 5 How. 28. Again, it was so settled in regard to an appeal from the Vice-Chancery Court, to the Superior Court of Chancery. 7 How. 552. These cases are decisive of this point.
It is said that this case involves the question of taxation of the county, and that no tribunal is by law competent to pass upon that matter but the board of police. That question does not yet arise. That it may do so in a proceeding hereafter to be instituted, is very possible, but it is not necessary to anticipate it. The application is for an order on the county treasury ; for aught this Court can judicially know, there may be sufficient funds in the treasury to pay all demands upon it. That point is, for the present, excluded from our view ; it will be very properly presented, if an application for a mandamus to compel the- assignment of a tax for the satisfaction of a judgment should ever be made.
It is next insisted, that if the appeal were regular and proper, it was illegal to try it in the Circuit Court by a jury ; that the object of the appeal was to correct the errors of the Court below apparent upon the record.
The phraseology of the statute is peculiar. It says, “ it shall and may be lawful for all persons who feel themselves aggrieved by the judgment of the board of police of any county, to appeal by bills of exception or certiorari to the Circuit Court‘of his county ; which appeal shall be taken • during the term of the board at which judgment is entered, or at the next succeeding regular term thereof, and not after.” How. & Hutch. 453. An appeal by bill of exceptions would necessarily confine the revising Court to the matters of law arising upon the exceptions. Had the object of the legislature been to bring about that result, it would have been unnecessary to have added the words, “ or by certiorari.” In that event they would have been superfluous. One of the purposes of the writ of certiorari at Common Law, was to remove the record before judgment from a subordinate to a superior court, that the trial might be had in the latter. The like proceedings are then had, as if the cause had been instituted in the Superior Court. Grah. Pr. 559. In several of the States of the Union, this writ has been-employed *549 after judgment to answer tbe same purpose. It removes a transcript of the record into the Superior Court, where a new trial is had upon the facts and law, and the case decided as if there had been no previous trial. It is tried do novo. 1 Iredell, Law Rep. 410 ; 2 Hawks, 364 ; Cooke’s Tenn. Rep. 280. This might have been the intention of the legislature in using the term in this instance so as to allow a trial upon the whole case, facts and law, in a court better constituted to render a correct judgment. But in such an application of the writ, in analogy to any known and existing use of it in other instances, it should be issued from the Court into which the cause is to be removed, by an order of such Court, or of the Judge thereof, upon cause shown.
We are, however, relieved from the necessity of deciding this question in this cause, by the agreement of the parties themselves. When the appeal was" prayed’, it was agreed by the parties, and entered of record, “ that the cause might be tried in the Circuit Court do novo, upon such evidence as the respective parties might introduce, subject to the opinion of the Court as to its competency.” This was equivalent to an agreement to a trial by jury, because matters of fact are tried in the Circuit Court only by jury, unless in a few cases, where it is waived either expressly or impliedly. It has been decided that an agreement to dispense with a jury is lawful. 5 How. '454. It must be equally so, to agree to call in a jury in a court in which it is usual to try all disputed facts and causes by jury. The agreement was in substance reaffirmed, and the trial by jury consented to, when the cause was called. See 6 Cowen, 571. Although consent of parties will not give jurisdiction to a Court, yet where the jurisdiction is conferred bylaw upon a Court proceeding according to the course of the Common Law, an agreement of the parties, to a trial by a jury, would be valid ; and the verdict would not afterwards be set aside, upon the ground that the case should have been determined by the Court, without the'intervention of a jury. It is a received maxim, that consent takes away error. The bill of exceptions in the Police ’Court was dispensed with by consent of both parties, expressed by their counsel and in person ; to hold now that the Circuit Court could not, under the agreement, inquire into the facts, would be to deprive the party of all remedy *550 by appeal, in consequence of the agreement. This would be unjust, and we cannot, on this ground, reverse the judgment. Our inclination would be to decide that the statute intended to secure to the party who did not appeal by bill.of exceptions, the right to the writ of certiorari at any time before the end of the next term of the board of police, upon application to the Circuit Judge. And we are-the" more disposed to adopt this rule, because in many instances it is peculiarly appropriate that a jury should pass upon the matter in controversy. On this, however, we do not give any authoritative opinion, as it is not called for.
An agreement by the president of the bpard of police, who is appointed by the statute to defend for the county in the case of appeal, in regard to the mode of trial, must bind the county, where there is nothing in the agreement contrary to law, or calculated to injure the county.
It is next contended, that the board' of police has no power to make a contract for the building of a Court-house ; that it is only authorized to appoint commissioners, who are empowered by law to contract; and that hence the contract in this case having been made by the president of the board of police, is void. There is abundant evidence in the record that the board of police ratified and confirmed this contract made by their president, as fully as they could. This makes it a contract of the same character as if entered into by their whole body, and the question arises, is such contract valid ? We can have no doubt that it is so. The statute directs that the County Court shall cause to beo erected, and kept in repair, a courthouse and jail in each county ; that each court-house and jail shall be formed of such materials and be of such dimensions, as shall be directed by the justices of the Court, or a majority of them ; that the Court shall appoint two commissioners to plan and carry into' effect, by drawing the draft, superintending the foundation, and erecting and completing every court-house and jail. This, to our minds, gives to the Court the power to contract for the public buildings, and to the commissioners, to carry the contract into execution. The commissioners are in all respects under the supervision of the Court; they are to give bond to it, to account with it, are removable by it, and are to be compensated at its discretion. They are its *551 mere agents to carry- into effect the contract. How. & Hutch. 456. The Court, in this instance, employed agents to carry this contract into effect.
After the cause had been carried into the Circuit Court of Yala-busha by the appeal, an application was made in the usual form for a change of venue. The application was granted, and the venue changed to the county of Carroll, where the trial occurred, from which the writ of error to this Court was taken. It is insisted, that this change of venue was not authorized by law* Upon careful examination of the statutes, we have come to the conclusion, that this objection 'is well taken and must prevail. In the first place, the statute granting the appeal, gives it to the Circuit Court of the «county in which the board of police sits. Next, the act authorizing the change of venue, in its terms is restricted to actions instituted in a Circuit Court, and its whole scope shows that it is confined to original, and does not embrace appellate causes. H. & H. 592. The change of venue was not authorized by law, and all the subsequent proceedings were in a court which had no jurisdiction. The consent of the parties could not give jurisdiction, nor confer power on the Court to enter up judgment, in a case in which the law did not confer the authority to do so. The whole proceeding in the county of Carroll was void for want of jurisdiction, and will be disregarded, and we shall remand the cause to the Circuit Court of Yalabusha to be there proceeded in.
This makes it unnecessary to decide upon the exceptions to the testimony taken in the progress of the trial. We wpuld, however, recommend to the parties, upon'the next trial, to file a declaration, and make up an issue, so as to give shape and semblance to the proceedings. This would be in analogy to the prescribed course, when causes are brought up by certiorari from Justices'of the Peace to the Circuit Court.
The causé, considered in all its bearings, has been by no means free from difficulty. It was insisted, in the argument on one side, that a person having a disputed claim against the county for services rendered, might sue it as a corporation sub modo, and that this was the true and only remedy in this case ; and that the'judgment might then be enforced by writ of mandamus. On the-other side it was *552 insisted, that the party had his election to bring suit, or to apply to the board of police to have the claim audited.
The remedy by action will be found, upon examination, to be by no means clear' against counties, considered as quasi corporations. The right to maintain an action against them, must be regarded upon the authorities as matter of question, unless the action is given- by statute. See Angell & Ames on Corporations, 374; 2 Kent’s Com. 278, 5th edition, note; Purdy v. The People, 4 Hill, 384; 1 Cowen, 261, note; Russell v. Men of Devon, 2 T. R. 667; Myers v. Irwin, 2 Ser. & Raw. 371; 4 Ser. & Raw. 443. It is true that in this State trustees of the school lands have been permitted to maintain suits as a quasi corporation. 3 How. 84; 5 How. 665. We shall not undertake to settle the question in this case, because the opinion is- not necessarily called for.
The point how a judgment against a county in this State is to be enforced, however it may have been rendered, whether upon action brought, or upon appeal from the board of police, is new, and will be found hedged in with embarrassments. We need not now pass upon it, but we trust that we may be pardoned the suggestion, that the whole subject seems to us to require some legislative provision.
The judgment of the Circuit Court of Carroll is directed to ’be set aside for want of jurisdiction, and the cause remanded to the Circuit Court of Yalabusha county for further proceedings.