Woodworth, J.,
delivered the opinion of the court. I will first consider the exceptions taken by the appellants to the form of the order. The justices “adjudge that the legal settlement of the pauper is in Vernon” This is sufficient; legal settlement, and last legal settlement, are the same thing, because, by every new settlement, the preceding one is discharged. (2 Salic. 473.)
The second exception is not tenable ; for whatever might be the construction given to the statute, in a case where it ⅜ stated that the pauper was likely to become a charge, there is no ground for the objection, when it is alleged, that the pauper had actually become, chargeable; in this latter case, the justices need not order the pauper to remove to his former settlement previous to issuing a warrant; for the statute only requires such previous order in cases where the pauper is likely to become a charge, not where he is actually chargeable.
The pauper was born in Vernon, which is, prima facie, his place of settlement, and remains so until the settlement to which he is entitled, by parentage, is discovered, (14 Johns. Rep. 334, Delavergne v. Noxon.)
The settlement of a child is where the father was last settled ; if the father has none, the child must go to its mother’s settlement. It is not pretended that the father or the mother of the pauper ever gained a settlement in Vernon; yet that town is chargeable, by reason of the birth of the pauper, unless it can be shown, that the parents gained a settlement elsewhere. This has been attempted in two ways ; the appellants contend, that the order of removal made by the justices of Cincinnatus has not been reversed, and that this is conclusive, that the pauper was settled in the town of Lisle. It will be admitted, that an order not appealed from, is conclusive as to the place of settlement; but that is not this case; an appeal was made by the town of Lisle, and notice given thereof. The overseers of Cincinnatus sent to Lisle, and brought back the pauper, preferring that course to a trial on the question of settlement ; for this cause the appeal was not further prosecuted. The order made by tbe justices of Cincinnatus must be considered as abandoned, and at an end, and that by the consent of both parties. It was the same as if it never had existed, and, consequently, Lisle was not concluded by it. The case of The King v. The Inhabitants of Lanchydd (Burrow’s Settlement Cases, 658.) is in point.
It is, lastly, contended, that Truman Chittenden, the father of the pauper, paid taxes for two years in the town of Lisle, by which he gained a settlement; the testimony on this point *83 is satisfactory as to the payment of taxes for one year, but doubtful and uncertain as to the other. A settlement %y payment of taxes, is gained by being charged with, and paying such taxes. (14 Johns. Rep. 88.)
Ira Seymour, the collector, has no distinct recollection that Truman Chittenden ever paid a tax to him, although he thinks it likely: he has no knowledge that he was charged with the payment. Lois Chittenden recollects that her husband paid a tax of six shillings one year, and thinks it was to Ira Seymour; but whether her husband had ever been assessed, or whether the six shillings paid, if paid to Seymour, was a part of the public taxes of the town, we are left to conjecture. It would be manifestly unjust, from such uncertain testimony, to draw the conclusion, that Truman Chittenden ever gained a settlement in the town of Lisle.
The order of Sessions must, therefore, be affirmed.
Order of Sessions affirmed.