Judge Wright
delivered the opinion of the court:
By the law of Ohio, 22 Ohio L. 320, persons residing more than one year in any township, without being warned to depart, gain a settlement in such township. The same act provides that in case a pauper shall require relief in any other than the township of his settlement, the overseers of the poor shall provide for him, and when he is in proper condition to be removed, shall remove him to the township of his settlement; and if payment of all reasonable charges and expenses for the support and removal be refused, the same may be recovered by action of debt.
The mother of Richard Brown, after the death of his father, acquired a legal settlement in Chagrin. Richard, *being then a minor with his mother, acquired from her a derivative settlement in the same place. At common law and upon general principles all persons incapable of gaining a settlement in their own right, have that of the person upon whom they depend for support, and who has control of their persons and a right to their services. Upon this principle children have the settlement of their fathers, and femes covert that of the husband. 16 Mass. *288 123; 17 Johns. 89; 20 Johns. 282; 3 Ohio, 101. At the father’s death the mother becomes head of the family, and until the law otherwise disposes of them, has the same control over the minor-children that the father had, and the child being incapable of acquiring a settlement for himself, derives one from her. 1 Burr. Set. Cas. 64; 1 Ld. Raym. 41; 2 Ld. Raym. 1473; 2 Strange, 746; 16 Mass. 139; 17 Johns. 41; 20 Johns. 1452. Richard Bi’own, having acquired through his mother a legal settlement in Chagrin, did not lose it by his residence in Geauga county, though for a longer period than a year, because being still a minor, he had no capacity to acquire a settlement for himself. 3 Ohio, 103.
The counsel for the defendants insist that the settlement of the mother, by her second marriage, was drawn to that of her second' husband, and that a derivative settlement was thereby cast upon her infant son in Cuyahoga, or in Perkins, in Huron. Ms. Justice Powell, in Cumner v. Milton, 2 Salk. 528, thus lays down the law: “A mother can not gain a settlement for her children by a former husband in the parish where her second husband is settled, being under coverture, and having a settlement there herself, only as a part of her husband’s family.” See also 14 Petersd. Ab. 315. In Salk. 482, pl. 35, it is said the children of the first marriage, under seven years of age, shall go with the mother only for nurture, and be kept by her at the charge of the parish where they are settled. As we understand the law, th'e settlement which a mother derives from her husband by marriage, is not cast upon her children by a former marriage. The second husband has no legal control over his wife’s children, by a former marriage. He has no right .to their services, and is not bound to support them; consequently they can ^derive no settlement from him. 1 Burr. Set. Cases, 2; Carth. 449; 16 Mass. 52, 140; 14 Petersd. Ab. 315. The settlement of Richard Brown upon the facts was in Chagrin, on April 1, 1830.
The defendants have filed a motion in arrest of judgment, upon two grounds: 1. Because it does not appear in the declaration that Brown had a legal settlement in Chagrin. 2. Because it does not appear that Brown had not a legal settlement in Bloomfield. This is a special verdict and subject to the control of the court, and if it be true that one count is bad and the other good, it will be applied to the good count. The first count is, unquestionably, *289 free from the objections taken, and good in law. The verdict will be entered on that count. We leave untouched the objections urged to the second count.
Judgment for the plaintiffs on the verdict.