OVERSEER OF THE POOR OF THE TOWNSHIP OF SHREWSBURY v. OVERSEER OF THE POOR OF THE TOWNSHIP OF HOLMDEL.

1. The place of birth is, *prima facie,* the place of one's settlement, but this may be overcome by showing a different derivative settlement from the father, either communicated at birth or acquired while the child is unemancipated.
2. The birthplace of the father will be taken as his settlement, in the absence of proof of one derived from his parents or subsequently acquired.

On *certiorari.* In matter of removal of a pauper.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the prosecutor, *J. S. Applegate.*

For the defendant, *G. C. Beekman.*

The opinion of the court was delivered by

KNAPP, J. Thomas Bennett was, by the order of two justices of the peace of the county of Monmouth, removed, as a pauper, from the township of Shrewsbury to the township of Holmdel, in said county. On appeal to the Court of Quarter Sessions, this judgment and order was reversed, and it is to review the determination of the Quarter Sessions that this writ of *certiorari* was sued out. The facts are within a very narrow compass. The birthplace of Thomas Bennett, the pauper, was in the township of Shrewsbury; his father,

Garret Bennett, was born in Holmdel township.    Neither
ever acquired any other settlement by services under inden-
ture, by the ownership of real estate, or by notice.    The ques-
tion is, where, under this state of things, is the legal settlement
of Thomas Bennett.    The two justices determined it to be in
the township of Holmdel, the birthplace of the father; the
Quarter Sessions decided it to be in the township of Shrews-
bury, where the pauper was born, thus reversing the justices'
order.

It is a perfectly well-settled rule, in this branch of the law,
that the legal settlement of the father at the time of the birth
of a legitimate child, is communicated to the child, and
remains as its settlement until it acquires another, either by
its own act or by the act of the father, gaining a new settle-
ment while such child remains with him and unemancipated.
3 *Burn's Just.* 28; *Denton* v. *Stoke Lane,* 1 *Sess. Cas.* 18;
2 *Sess. Cas.* 112; *St. Giles* v. *Eversley, Str.* 580; 3 *Salk.* 250;
*Overseers of Vernon* v. *Overseers of Smithville,* 17 *Johns.* 89;
*Townsend* v. *Billerica,* 10 *Mass.* 411; *Readington* v. *Tewks-
bury,* 1 *Penn.* 289; *Niskayuna* v. *Albany,* 2 *Cow.* 537.

It is equally well settled that the place of one's birth is,
*prima facie,* the place of his settlement.    This is, in part, a
rule of evidence, but it is plenary proof, unless its effect be
overcome by evidence of another settlement, actual or deriva-
tive.    3 *Burn's Just.* 26; *Alexandria* v. *Kingwood,* 3 *Halst.*
370; *Paterson* v. *Byram,* 3 *Zab.* 394.

Such *prima facie* proof is overcome by showing that the
settlement of the father was in a different place at the time
of the birth, for such settlement of the father instantly com-
municated itself to the child, and became its settlement.    The
proof of the father's settlement, which will overcome the
*prima facie* proof of the settlement of the child, springing
from the fact of birth, may be made through proof of appren-
ticeship served, the ownership of real estate, immigration,
service under indenture, settlement derived from parents, or
by proof of *his place of birth,* which latter, if not overcome
by other proof, will as effectually establish the fact as proof

of either of the other modes of acquiring a settlement. But the respondent insists that, as against *prima facie* proof, afforded by the birth of the son, nothing less than a settlement actually acquired by the father, can prevail. However ingenious the argument based upon this position may be, I know of no such qualification of the general rule above stated. It is a question merely whether the father had a settlement which attached to the son, without regard to how such settlement originated, or to the manner of its proof, provided it be established by competent evidence. If the father were the pauper in this case, upon the proof adduced, there can be no doubt that he would be declared settled where he was born, upon the mere proof of such birth; that proof being in the case, established the question as to him, and that being settled, it becomes of no consequence where the son was born. It is only when the settlement of the father or mother cannot be ascertained, that the place of birth of the child becomes an important inquiry.

That further search might have been made than was made, in this case, as to the settlement of the father, may be conceded, and doubtless a different derivative settlement obtained by him, might have shown the pauper chargeable other than the court has found. But the case must be decided on the proofs produced, and, assuming the facts shown to be true, there is enough in the case to leave its decision in no uncertainty. I think the order of the justices was right, and the adjudication of the Quarter Sessions was erroneous, and should be reversed.