Beacom, J.
The plaintiff obtained "in a justice court an attachment against the wages of the defendant for a bill due plaintiff for necessaries, to-wit, for professional services as a physician. There is no dispute, of course, but that such services constitute necessaries under the law. Judgment was rendered in thq justice court in favor of plaintiff and the attachment was sustained, and the case comes here on appeal.
The facts are, substantially, that Wolf claims this property to be exempt. He claims it on two ground's: First, that under Section 5441, Revised Statutes,, he is entitled to exemption in lieu of a homestead, he having no homestead; and, second, that he -is entitled to the special exemptions allowed to one who has a family, under Section 5430, Revised Statutes.
The facts are not in dispute. It seems, substantially, from the affidavits of both plaintiff and defendant that Wolf is a widower, he having some years ago married a widow who was the mother of a little girl, the little girl being now five years old. The mother of this child died, perhaps some time early last fall, and Wolf, who had been living with his wife and this child at the home of the wife’s mother, ceased to remain in that house, went away and is now living with his own mother, having left the little child with its maternal grandmother. He says that he assumed the care, custody and control of said child and agreed to pay the sum of $2 each week to his mother-in-law, the child’s maternal grandmother, for its board and lodging, and that be is to furnish the child with all necessary clothing, and that he has bought a pair of shoes and some dress goods for the child since the wife died. The question is whether or jiot, under that showing, he is entitled to the exemptions.
Under Section 5441, Revised Statutes, in which he claims he is entitled to $500 because he has no homestead, he says that he is entitled to it because be is a widower living with an unmarried daughter. That he is a widower there is no dispute, and that this child is unmarried there is no dispute; but is she his daughter?
*107 Sections 3137a and 3139, Revised Statutes, throw some light upon whether or not a step-daughter is a child, not by what they say but by what they involve and by what they exclude.
The first named section provides, in substance, that any inhabitant of the state being the husband of any woman who has a child' by a former husband may file a petition in the probate court, etc., for a change of name of such step-child.
Section 3139 provides that when this provision has been complied with, when he has made the application and had -a change of name, when all these things have been done, the probate court shall declare on its order that from that date such child is, to all legal intents and; purposes, the child of the petitioner. The court shall make that declaration after all these things be done. I think -a fair construction of that is to say that the Legislature has fairly said that up to that time the child is not the child of the petitioner. There is only one decision in this state on that subject, and that is in 5 Ohio, 315. The fact that it was never modified in any way indicates that it is a settled rule. It was held in that case that a step-father has no right to the services of a step-child. The court is, therefore, of opinion that, although this man is a widower and this child is unmarried, she is not his daughter.
There is a further requirement that he should live with the child, and I may say that I would not wish to be bound in some subsequent case by what I say now on this subject. I can understand how the father of a five-year-old girl might be able to live very little under the same roof with the child and yet come within the spirit of these exemption laws, but it is unnecessary to pass upon the question of whether or not he lives with the child. The court is of opinion that he is not the father cinder the law.
The next question is, does he come within the provisions of Section 5430 providing for special exemptions’to a person who has a family. It is conceded that he would be entitled to hold this property exempt if he comes within this section. The question is, does this man have a family ? I think we all know better than we can express just what a “family” means. The fact that he contributes to the support of this child does not *108 constitute him “a person who has a family.” A family is a collection of individuáis living by one fireside. The language of the Century Dictionary, which is adopted by the text-boots on law, defines a family as “A collective body of persons who form one household. ’ ’ That is what a family is. Here is a man who did have a wife; that wife is dead). She had a child and he is not living with it, perhaps is not near it but is living with his mother .as he did in his childhood. I think it is manifest that he is not a person, in the language of the statute, who “has a family.” Moreover I may say, although this does not throw much light upon the case, there is a rule in the A, & E. Ency. of Law, Vol. 12, page 872, that generally the term “family” does not include the step-children. For instance, at a man’s death the statute says his property should go to his family. Step-children are excluded generally but it depends somewhat upon the subject-matter. Sometimes step-children have been held as part of the family, but it would depend upon the condition that they have constituted in effect one family, living under one roof, as one unit in the community. Then they are one family.
Carr & Golding, for plaintiff.
Wm. P. Dunlap, for defendant.
The court is of opinion that this man is not entitled to the exemption in lieu of a homestead under Section 5441, Revised Statutes, because it is clear that this child is not his daughter, and also that he is not entitled to the special exemptions provided by Section 5430, Revised Statutes, because he does not have a family. Attachment sustained.