Gorman, J.
This action is in this court on appeal from a judgment of the justice of the peace. The plaintiff, George Kruger, seeks to recover from the defendant, Mrs. D. L. Baumgarten, .or Rachael Baumgarten, $128.85 for services rendered to the son of the defendant in giving music lessons between September 6, 1903, and July 7, 1904. The defendant answers under the name of Rachael Baumgarten and says that whatever services were rendered by the plaintiff in the behalf alleged were performed for her husband, D. L. Baumgarten, and that D. L. Baumgarten settled for said services in full by giving his note to the plaintiff for the amount of plaintiff’s claim; that said note was accepted by the plaintiff, and when the same became due he brought suit thereon and obtained a judgment against D. L. Baumgarten before Philip Winkler, a justice of the peace in and for Cincinnati township.
The plaintiff by amended reply admits that D. L. Baumgarten, the husband of the defendant, gave plaintiff his note for the amount of plaintiff’s claim, and that subsequently to the giving *333 of said note plaintiff brought suit and recovered a judgment thereon by default before the said justice of the peace, but avers that said judgment has not been paid. He further sets out in his reply that at the time said note was given and accepted, said D. L. Baumgarten represented that he alone, and not the defendant, was financially responsible for such debt; that he had ample means to pay the same, and that said note would be paid as soon as it became due. He further sets out that the statements as to the financial worth of D. L. Baumgarten were false and fraudulent and that he, the plaintiff, was misled into accepting said note by said false and fraudulent statements.
Plaintiff further avérs that defendant alone is responsible and possessed of ample means, and that she is the wife of D. L. Baumgarten and the mother of the son to whom the services were rendered, and that defendant alone paid all the bills for household expenses and provided for the education, tuition and maintenance of her children and the children of D. L. Baumgarten; and the plaintiff denies that he accepted said note in full settlement of his claim for services, and denies that the judgment rendered thereon was in full payment of said indebtedness.
The evidence of the plaintiff disclosed that the employment of the plaintiff to give the music lessons to the son of the defendant and D. L. Baumgarten was made with D. L. Baumgarten; that he and he alone employed the plaintiff. There was no evidence that the defendant employed the plaintiff, nor is there any evidence that the plaintiff charged the services to the defendant, but he did charge them to D. L. Baumgarten. Some time after the services were rendered the plaintiff met D. L. Baumgarten, and upon threatening to bring suit against Baumgarten to recover the value of his services, D. L. Baumgarten gave his individual note to the plaintiff for the amount of the plaintiff’s claim, and the plaintiff accepted the note and when it became due, brought suit thereon and recovered a judgment. There, was no evidence before the court that the judgment has ever been satisfied; but .on the contrary there is a statement that nothing has ever been realized on the judgment.
*334 At the close of plaintiff’s evidence the court, on motion of defendant’s counsel arrested the case from-the jury and instructed the jury to return a verdict in favor of the defendant. Motion for a new trial was filed in due time and that motion is now passed upon.
This action was commenced upon the theory of plaintiff’s counsel that the wife, Rachael Baumgarten, is liable to the plaintiff for his services under Section 3110 of the Revised Statutes, notwithstanding the giving of the note of D. L. Baumgarten, the acceptance thereof by the plaintiff, and the judgment rendered thereon in favor of the plaintiff against D. L. Baumgarten.
Section 3110 reads as follows:
“The husband must support himself, his wife and his minor children, out of his property or by his labor. If he is unable to do so the wife must assist him so far as she is able. ’ ’ ■
This section is a part of the married woman’s act, passed March 19, 1887, by the provisions of which act the Legislature of this state emancipated the wife from the domination of the husband, except as to the obligations that she owed to him by reason of the marital vows and contract. Under the provisions of - this act of 1887, a married woman may contract and be contracted with, and hold and convey property as though she were unmarried. The only act she can not do is to affect her marriage relations. This can only be done by decree of a court of competent jurisdiction. Her private estate is hers absolutely, subject to her husband’s dower and other rights therein conferred by statute.
The court is of the opinion that this Section 3110, under which it is sought to hold the defendant, does not create a legal liability against the wife even for the necessaries of the family, in the absence of a contract with her, or circumstances which raise a presumption that she intended to charge her separate estate therefor.
• It seems to the court that this section simply defines the duties of husband and wife with reference to themselves and their children, and does not give rise to any additional rights in favor of creditors, or create any additional liability against the wife’s property for the maintenance. of the family. It may be that as *335 between husband and wife, or as between the state and either or both, Section 3110 might be invoked for the purpose of providing maintenance and support for their off-spring, but the court is of opinion that creditors, or other persons, acquire no new rights against the wife by virtue of the adoption by the Legislature of this section of the statute.
This conclusion of the court seems to be supported by the case of Kelley & Sons v. Mills, Trustee, 1 N. P., 382-386; also, Davis v. Fosseit, Hosea’s Report, page 528.
But in addition to this case the court is indebted to Judge Charles J. Hunt, of this court, for the reference to an unreported case decided by our -own Circuit Court upon this very statute—ease No. 1744, Circuit Court of Hamilton County, Kirschner Bros. v. Ryan, decided March 25, 1895.
This unreported ease, seems to the court 'to be on all fours with the case at bar. An action was commenced by Kirschner Bros, against Kate M. Ryan and Thomas Ryan, her husband. The petition alleged that Thomas Ryan, the husband, was indebted to the plaintiffs .in the sum of $108.53 for groceries furnished to him and used by himself, his wife and -minor children; .that said groceries were necessaries in the support of himself, his wife and his minor children, and that on the 27th of October, 1893, plaintiff recovered a judgment on said indebtedness against the said Thomas Ryan in the sum of $108.53 and that execution was issued on said judgment and returned “no property found”; and that although due diligence had been used by the plaintiffs in trying to collect said judgment from said Thomas Ryan, said claim and judgment were still unpaid. Plaintiff further alleged that at the time the groceries were purchased, delivered and used by Ryan, his wife and minor children for their support, the wife, Kate M. Ryan, was the owner of property—real estate—• and the same was described; and further averred that Thomas Ryan was unable to pay said judgment for said necessaries, but that said Kate M. Ryan by reason of the possession of said property described, was abundantly able to pay the same. Plaintiffs prayed for a judgment against Kate M. Ryan for $108.53; that the same might'be declared to be a lien on the premises-, and that the premises might be sold *336 to pay the judgment and for further relief. A demurrer was filed to this petition and the demurrer sustained by Judge Hollister. The- ease was taken on error to the circuit court and the circuit court affirmed the judgment of the court of common pleas. It was claimed by plaintiff’s- counsel in that case that the wife was liable under Section 3110. An exhaustive and well considered brief in favor of plaintiff’s contention will be found among the papers. The court is unable to find that this case was ever reported, but the one point involved in the ease seems to have been the question of the liability of the wife, Kate M. Eyan, under Section 3110 for the necessary groceries.
The court feels therefore that, if for no other reason, the motion for a new trial in the ease at bar should be overruled, on the authority of this ease, Kirschner Bros. v. Ryan.
Counsel for plaintiff have cited several authorities in support of their contention. The ease of Bowen v. State, 56 O. S., 235, was a criminal action against the father for failure to maintain his children, whom the law charged with the maintenance thereof. The court in passing upon this question cites Section 3110, and states -that the duty is primarily devolved upon the father to support his minor children out of his property or by his labor. Nothing is said and nothing could have been said in that case about the liability of the wife under Section 3110.
The case of Pretzinger v. Pretzinger, 45 O. S., 452, was an action by the wife against the father to recover reasonable compensation from the father for necessaries furnished by her to their child, after a decree for divorce and full separation had been granted in her favor. There is nothing in this case which intimates or holds that the wife would be liable in the abs-ence of a contract, especially in a case where the husband made the contract and incurred the indebtedness. The other cases cited by counsel for plaintiff are upon the question of the pleadings as to joint and several liabilities.
The court is of the opinion that this question is not involved in the case at bar and that the authorities cited, although good law, are not applicable to the facts or pleadings in the ease at bar.
For the reasons stated the motion for a new trial will be overruled and a judgment entered upon the verdict.