## ACTION FOR MEDICAL SERVICES RENDERED TO A WIFE.

Common Pleas Court of Hamilton County.

JOHN M. WITHROW v. WILLIAM A. BOONE.

Decided, February 24, 1914.

*Husband and Wife—Liability of Husband for Medical Services Rendered to Wife—Where Wife Has a Separate Estate—Medical Services Distinguished From Funeral Expenses—Pleading.*

Unless it appears that a wife by special contract bound her separate estate for medical services rendered in her behalf during her lifetime, the husband is not relieved from liability for such services, and the physician may proceed against him without first exhausting her separate estate.

*Nelson & Hickenlooper,* for the motion.
*W. F. Chambers* and *Kelley & Hauck,* contra.

GEOGHEGAN, J.

The plaintiff moves to strike the entire second defense from the answer for the reason that the facts stated therein are redundant, irrelevant and immaterial and tend to confuse the issues.

The petition is in simple form and alleges that defendant is indebted to the plaintiff in the sum of $470 for medical services rendered by plaintiff to defendant's wife, at the special instance and request of the defendant.

The answer admits that plaintiff performed medical services for defendant's wife and admits that defendant refused to pay for same. The first defense is a general denial. The second defense, which is sought to be stricken from the answer, is as follows:

"This defendant states that at the time plaintiff alleges he performed the medical and surgical services for Rose B. Boone, she was the defendant's wife, and was possessed of a separate estate in her own right, and that all the services performed by

plaintiff were performed at the special instance and request of
said Rose B. Boone, and not otherwise.   That the services so
performed were during her last sickness, and a part of the ex-
penses of her last sickness; that a short time thereafter, said
Rose B. Boone died, leaving a last will and testament, which same
was duly probated in the Probate Court of Hamilton County,
Ohio, and Mrs. Josephine Hunt was duly appointed and qualified
and is now and ever since has been the duly appointed and act-
ing executrix of said estate; that in said last will and testament,
in the first item thereof, it was provided, that it was her will
that all her just debts and funeral expenses be first paid.   That
said estate of Rose B. Boone is solvent and fully able to pay any
valid claim for medical and surgical services performed by the
plaintiff herein, for and on behalf of the said Rose B. Boone,
who was at the time aforesaid this defendant's wife, and this
defendant avers that said plaintiff herein has wholly failed to
present any claim for the said services to the executrix of said
Rose B. Boone, prior to the commencement of this action in this
court.''

In the examination of this second defense it will be observed
that the effect of the first sentence is that the services alleged to
be rendered were performed at the special instance and request
of said Rose B. Boone and not otherwise.

If this is to be considered as an attempt to plead that the said
Rose B. Boone, in securing these medical services, intended that
the contract was to bind her own separate estate, I do not think
the allegations are sufficient.   The husband at common law and
under the statute is liable for the payment of medical services
rendered to his wife, unless there is a special contract between
her and the physician whereby she herself becomes liable to pay
him.   *Toledo* v. *Duffy,* 13 C. C., 482; *Gunn* v. *Samuel's Admr.,*
33 Ala., 201; *2 Kent's Com.,* 7th Ed., 128.

Therefore, it would seem that in order to take advantage of
the fact that the wife, by special contract, either express or im-
plied, had bound her own estate, the pleader must plead such
special contract.

The fact that the services were rendered at her special in-
stance and request, is not inconsistent with the fact that there
was no intention on her part to bind her separate estate, or that

the services were rendered in reliance upon the husband's duty to pay for same.

If, however, the said allegation is to be regarded merely as a denial of the allegation in plaintiff's petition that the services were performed at the special instance and request of the defendant, then the motion to strike, in so far as that allegation is concerned, is well taken, as the denial, being merely a special denial of what already had been generally denied in the first defense and not constituting new matter, is immaterial and redundant. *Simmons et al v. Green,* 35 Ohio State, 104.

This then brings us to a consideration of the materiality of the allegations contained in the second part of the second defense, to-wit, the allegations that the services sued for were performed during the last sickness of Rose B. Boone, that she provided by her will that all her just debts and funeral expenses should be paid, that her estate is represented by an acting and qualified executrix, that it is fully solvent and that the plaintiff has not presented his claim.

The question squarely presented by this language is, is a husband relieved of his common law and statutory liability to pay for medical services rendered to his wife during her lifetime by the death of his wife leaving a separate estate?

Counsel for the defendant claims that he is and cites Section 10714 of the General Code, which in part provides that:

"Every executor or administrator shall proceed with diligence to pay the debts of the deceased, applying the assets in the following order;

"1.  The funeral expenses, those of the last sickness, and the expenses of administration."

Counsel for defendant admit that if the wife had lived, the defendant would have been compelled to pay the bill of plaintiff, but insist that the relation of husband and wife having been severed by death and the law of the state having assumed control over her estate for the benefit of creditors, and the payment of the expenses of the last illness being specially enjoined upon the executor or administrator, this relieves the husband of his common law and statutory liability.

I do not know that this question has ever been squarely presented to any court. I have made a rather exhaustive examination of the authorities, and have not been able to find that the precise proposition has ever been squarely presented to a court.

While, under the so-called married woman's enabling acts in this state, many of the relations of the husband and wife as to property have been greatly changed, nevertheless, the duty of the husband to support his wife and his minor children out of his property and his labor, so strongly declared by the common law, has been carried into the statute and that duty exists today just as firmly intrenched as part of the policy of the law as it did prior to the passage of the statutes referred to above, Section 7997, General Code.

What reason, therefore, is there for declaring that a husband, who would be liable for medical services rendered his wife, if she lived, has by the passage of what is now Section 10714 been relieved of that liability? Furthermore, the duty on the part of the administrator to pay the expenses of the last illness was a duty enjoined by statute prior to the passage of the enabling acts in question.

Can it be reasonably said that upon the enjoining by statute of the duty upon an administrator to pay the expenses of a last illness, it was intended thereby to create a primary liability upon the estate of a deceased married woman, which liability would not have been in existence except for the fact of her death?

Was it the intention of the Legislature, by the passage of the statute fixing the priority in which an administrator is to pay the debts of an estate, to create a liability upon a deceased married woman's estate which she herself could not charge upon her separate estate had she lived, except by special contract? It would almost seem that the very statement of the questions contains their own answers.

A great deal has been said and a number of authorities have been cited in which it was held that the wife's estate is liable for the payment of her funeral expenses. This may be true, but

there is a clear distinction between funeral expenses and expenses of last illness, the first occurring after the death and therefore after the severance of the marriage relation, and the latter occurring during the continuance of the relation. *Freeman* v. *Coit*, 27 Hun., 447, 450. The same distinction was pointed out in *Moulton* v. *Smith*, 16 R. I., 126, although the case is not much value as an authority herein, in view of the fact that at the time the physician's bill was contracted the wife was under coverture and unable to contract such a debt, although the court holds that there was nothing in the statute regarding distribution of the assets of an estate that would make the husband liable, but that he was liable under the common law.

However, in this state we have many authorities which not only recognize but affirm the liability of the husband for the funeral expenses, and this despite the statute making the funeral expenses in so far as a distribution of the assets of the estate by the administrator or executor is concerned, preferred claims. *Philips* v. *Tolerton*, 9 N.P.(N.S.), 565; *Richter* v. *Richter*, 11 Ohio Dec. Reprint, 337; *Eveland* v. *Sherman*, 9 N.P.(N.S.), 559; *McClellan* v. *Filson*, 44 Ohio State, 184.

In the case of *McClellan* v. *Filson, supra*, whcih was a case wherein exceptions were taken to an account of an administrator, by reason of his allowance of claims for funeral expenses and those of a last sickness in the administration of the estate of a deceased married woman, the court, while laying down the rule that he may properly allow these expenses and pay them from the assets of the estate, nevertheless say at page 187:

"It is urged  *  *  *  that at common law there is a duty upon the husband to dispose of the body of his deceased wife by decent sepulture in a suitable place. This is conceded, and it is not intended here to weaken the force of that duty, nor to impair the liability of the husband for the expenses of such burial."

And further at page 189:

"The question is not simply whether the husband is liable as between him and the undertaker, but may not the estate of the

wife also be liable, and may not the executor, having ordered the expense, be justified in paying the claim from that estate.''

And further at page 190:

''True, the wife's property may not be taken for the husband's debt. But if the debt may be treated, as we think in this case it may be, as well that of the wife as of the husband, it would not seem inequitable to allow her estate to bear the burden, though that does serve to exonerate him.''

And while the court in that case admits the right of an executor to pay the expenses of the last illness of a deceased married woman, nevertheless, the facts in the case were such as to show that the woman had, by special contract, made the said physician's bill a charge upon her separate estate, and the court further disclaimed any purpose of deciding what was not before it, simply holding that the executor had the right to follow the statute and in so doing was exonerated from any personal liability.

Some doubt has been thrown upon the question by the decision of the Supreme Court of Massachusetts in the case of *Constantinides* v. *Walsh,* 146 Mass., 281, wherein the court, through Justice Holmes, seems to hold that the funeral expenses of a testatrix were a preferred charge upon her estate, and that therefore a husband paying these expenses might have a remedy over against the estate. However, the court, in passing upon the matter, say at page 282:

''In such a matter, it is not to be presumed that the husband waives his legal rights, and makes a gift to the estate of his wife, in the absence of any expression or other evidence to that effect.''

It will be seen, therefore, from the language last used, that the court is attempting to draw a distinction between the duty of furnishing necessaries to the wife before death and the duty of burial after death, it being presumed that a man having paid his wife's expenses during life he makes a gift of that to her and therefore can not recover.

I have examined this question with a great deal of care because of its novelty. I can find no case that supports the view that, for the expenses of the last illness of a wife, the husband can make the physician exhaust her separate estate, except, perhaps, where she has by special contract bound her own estate for the expenses.

I do not think that I would be justified in holding the affirmative of the foregoing proposition in the absence of clear authority in support thereof, or of statute expressly providing therefor. I can not believe that it was the intention of the Legislature, in passing Section 10714, to take away from persons rendering such services to married women the right to recover the same from their husbands, nor do I believe that it was the intention of the Legislature to dispense with the legal and moral obligation of a husband to pay for medical attention rendered to his wife simply because the wife happened to die leaving a separate estate.

When this matter was argued a technical question arose as to whether or not the motion to strike or a demurrer was the proper way in which to reach this pleading. In view of the fact, however, that the first sentence of the second defense contains a special denial of the allegation that the services were rendered at the special instance and request of the defendant it would seem that this would be good as against a demurrer because it is a denial, but could be reached by a motion to strike out, from the fact that it is immaterial and redundant, in view of the general denial contained in the first defense. However, counsel, in submitting the matter, waived the technicality of practice and submitted the matter as if a demurrer had been filed.

The motion will therefore be granted.