**MAY COMPANY, Plaintiff, v. JONES et, Defendants.**

Municipal Court, Cleveland (City).

No. A-165687. Decided April 11, 1951.

Harland G. Burnham, Cleveland, for plaintiff.
Jean Murrell Capers, Paul D. White, Martin & Martin, Cleveland, for defendants.

## OPINION

By DRUCKER, J.

The plaintiff stated in its petition that there was due it from the defendant a balance on account for necessaries, wearing apparel and household goods. The defendant, Lela Jones, contends that she is not liable primarily for the neces-

saries furnished to herself and her minor child but urges that the liability for debts incurred is upon the husband, James Jones. The evidence adduced was to the effect that Lela Jones married James Jones and that her son, Kenneth by a previous marriage, lived at the home of James Jones. The evidence further showed that during the time of the marriage he paid for and assumed responsibility for necessaries which were furnished his wife and her child during that period.

There is no dispute that the husband may be held liable for the purchase of necessaries for himself and his wife while living together as husband and wife. The husband is chargeable and liable for necessaries suitable to the condition and standing of the life of his wife and family. It includes board, clothing, lodgings and medicines. It is not confined merely to those things which are regarded as essential to preserve life or standards of decency. 13 Ruling Case Law, 1207.

The general provision for the support of a wife and family is stated in §7997 GC, "The husband must support himself, his wife and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him in so far as she is able."

The duty of the husband to support his wife has been held to make the wife a creditor to that extent. Chittenden v. Chittenden, 22 Ohio Circuit Court 498, (1901).

The case of Kruger v. Baumgarten, 9 Ohio Nisi Prius (NS) 332 (1910), after reviewing the authorities states, "In the absence of a contract with the wife or circumstances which raise a presumption that she intended to charge her separate estate therefor, no legal liability arises against her even for necessaries required by the family." McMillan v. Auerback, 7 Nisi Prius 376, (1900); Toledo v. Duffy, 13 Ohio Circuit Court 482, (1897); **Thompson v. Green, 4 Oh St 216 (1854); Fickel v. Granger, 83 Oh St 101, (1910).**

This liability on the part of the husband is not extinguished even though there is a separation. 18 A. L. R. 1136; Daniels v. Daniels, 17 Ohio Nisi Prius (NS) 605, (1915); **Lockwood v. Crum, 34 Oh St 1, (1877)**; Withrow v. Boone, 16 Ohio Nisi Prius (NS) 506, (1914); **Durham v. Durham, 104 Oh St 7,** 135 N. E. 280, (1922).

The defendant contends too that James Jones being a stepfather was not liable because he had not adopted the child and that the second husband has no legal control over his wife's children by a former marriage. Trustees of **Bloomfield v. Trustees of Chagrin, 5 Ohio 315 (1832).**

It seems logical to conclude that where a husband marries

a woman who has a child and that child is taken into the home and the husband with full knowledge consents to such an arrangement and assumes the obligations for the support of the child and holds himself out to creditors as having accepted the responsibility of maintaining that child he could not be heard in denial of his obligation of the support of that child.

In **Berkmeyer v. Kellerman, 32 Oh St 239,** the court there argued "that a stepfather who educates and supports the child and discharges the duties of a parent stands in loco parentis to him and is entitled to claim his earnings and is liable for his support."

In the case of Kraft v. Wolf, 3 Ohio Nisi Prius (NS) 105, (1905), the court raised the interesting question as to whether or not the child has become an integral part of the family. In that case the small stepdaughter was living apart with her maternal grandmother and being partially supported by her stepfather. The court held that the minor was not his child so as to render him liable for the support of the child.

The court stated in Wing v. Hibbert, 7 Ohio Nisi Prius 124 (1900) that "When a widowed mother has abundant means to provide for the support of a minor child she can not compel a guardian to lay out of the estate of the ward any demands of the mother for the ward's maintenance so long as such ward resides with his mother as a member of the family." The court went further and said, "A stepfather is under no obligation to support the child of his wife by her former husband; yet if he receives the child into his own home and educates and supports him discharging to him all the duties of a parent, he would be entitled to claim the earnings of the child and is liable for the support of that child and may be bound by his contract for necessaries." Even at that time the court felt that the policy of the law was to encourage and extend the family relation so that when persons assumed the relationship of parent and child they should be encouraged to all the rights and subject to all the liabilities of that relation. Judicial opinions ought not to be influenced by pure moral considerations or ought the court take cognizance of economic changes which have seriously affected the pattern of our existence without in some way relating that philosophy to existing implications and justifiable interpretations of our law. Courts should not make laws. Courts have to depend on the Legislature and law making bodies to make the necessary changes consistent with our present social and economic patterns of life. However the court must be mindful that in rendering its decision and basing it upon well

declared legal practice it is within its rights to take cognizance at that time of evolutionary changes in our progressive society. The law certainly takes cognizance of the basic unity of our social structure. It tends to preserve the family as a unit and give deeper significance of the obligations and liabilities of parents. The law has made rapid progress in its endeavor to protect the child and preserve the home. The rapidity with which the rate of divorce has increased is abundant evidence of the ease with which families are disunited and bonds are severed. The court has paid considerable attention to the rights and obligations of husbands and wives but only too frequently have divorces been granted without recognizing the right of the child to be heard and the welfare of the child considered by the court in determining custody, support and maintenance. Certainly no act of the court nor any administration of the law ought to make it more difficult for the divorcee or widow to remarry. Her new husband marries her supposedly with knowledge of her previous marriage and her obligations that may exist towards her child or children. He marries her and when he knows that the child lives with her, is supported by her and maintained by her then he avowedly undertakes to maintain and support her and her child. Her necessaries and right to live according to recognized standards include the necessaries of her child. He becomes the head of the family and when he continues to support the child and his credit is pledged by his wife, creditors have a right to assume that the necessaries of the family will include the clothing, shelter, education and health of his foster child living in his home. He ought not to be permitted after assuming the obligations of a husband and father to then upon the separation of his wife throw off easily that which he had previously undertaken. He should not be permitted to enjoy the privileges of the home and of a family without being subjected to its burdens and liabilities.

The court therefore finds the defendant liable for the necessaries of both the wife, Lela Jones and her minor child, Kenneth Jones.